[No. A119514. First Dist., Div. Four. July 23, 2008.]

PAUL H. MELBOSTAD, Plaintiff and Appellant, v.
DONALD G. FISHER, Defendant and Respondent.

988

**COUNSEL**

Paul Melbostad for Plaintiff and Appellant.

The Sutton Law Firm, James Sutton and Gabe Camarillo for Defendant and Respondent.

OPINION

**SEPULVEDA, J.**—Appellant Paul H. Melbostad challenges an award of attorney fees to respondent Donald G. Fisher after the trial court granted a special motion to strike (Code Civ. Proc., § 425.16).[1] He also challenges the granting of a protective order that precluded him from taking discovery related to respondent's attorney fees motion. Because appellant's notice of appeal was not timely filed, we lack jurisdiction to consider his appeal, and therefore dismiss it.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2005, appellant filed a complaint against James Sutton, Kevin Heneghan, and respondent Fisher (hereinafter collectively defendants)[2] alleging violations of San Francisco's campaign finance laws. On January 23, 2006, defendants filed a special motion to strike pursuant to California's anti-SLAPP statute.[3] (§ 425.16.) The trial court granted defendants' motion on April 18, 2006, stating, "[T]he court GRANTS Defendants' Special Motion to Strike Mr. Melbostad's Complaint in its entirety. Mr. Melbostad's Complaint is dismissed with prejudice." The trial court's order also stated that defendants were entitled to attorney fees, and that they were to notice a hearing to determine the amount of fees and costs.

Appellant filed a motion for reconsideration of the trial court's order and a motion for recusal, arguing that a trial court research attorney was biased against him. The trial court granted both motions. The trial court directed the parties not to file any additional or supplemental pleadings, and stated that it would consider the motion again without the assistance of the challenged research attorney. On September 8, 2006, the trial court again granted defendants' special motion to strike. Although the order was appealable (§ 425.16, subd. (i); *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1246–1247 [49 Cal.Rptr.3d 861]), appellant did not appeal that order.

Appellant filed a voluntary petition for chapter 13 bankruptcy on September 29, 2006. Defendants thereafter filed a notice of stay of state court

---

[1] All statutory references are to the Code of Civil Procedure.

[2] Sutton and Heneghan are not parties to this appeal.

[3] SLAPP is an acronym for " 'strategic lawsuits against public participation.' " (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85 [124 Cal.Rptr.2d 530, 52 P.3d 703]; see *id.* at p. 85, fn. 1.)

proceedings, noting that their deadline to file their attorney fees application was tolled. Respondent Fisher filed a motion for limited relief from the automatic stay so that he could pursue attorney fees, which the bankruptcy court granted on March 15, 2007.

On April 2, 2007, Fisher filed a motion for attorney fees, as authorized by section 425.16, subdivision (c). In response, appellant sought to take the depositions of Fisher and Sutton, and he also served them with requests for production of documents. Defendants filed a motion for a protective order to prevent appellant from conducting discovery. On May 25, 2007, the trial court granted defendants' motion without prejudice. In his opposition to respondent's motion for attorney fees, appellant again argued that he was entitled to discovery.

The trial court granted Fisher's motion for attorney fees on June 13, 2007, awarding him $148,044.25 in fees and costs; notice of the court's order was served the same day. Appellant renewed his request for discovery at the hearing on the motion; the trial court denied the discovery request.[4]

Judgment was entered on August 1, 2007, and notice of entry of the order was filed the next day. The judgment recapitulated the trial court's previous order granting defendants' anti-SLAPP motion and order granting respondent Fisher's separate motion for attorney fees and costs. Appellant filed a notice of appeal from the judgment on September 28, 2007.

## II.

### DISCUSSION

On November 1, 2007, appellant filed in this court a civil case information statement, which attached (1) the trial court's June 13, 2007 order granting attorney fees, (2) the court's May 25, 2007 order granting defendants' motion for a protective order, and (3) the August 1, 2007 judgment. Believing that the civil case information statement raised serious timeliness issues, this court on November 13, 2007, directed the parties to address the timeliness of the appeal in their appellate briefing.[5] Citing *Maughan v. Google Technology, Inc., supra*, 143 Cal.App.4th 1242, the order noted that the trial court's September 8, 2006 order granting respondents' anti-SLAPP motion and its subsequent June 13, 2007 attorney fees order "may . . . have been" independently

---

[4] The trial court's written order does not refer to the denial of the renewed discovery request.

[5] The November 13 order was inadvertently captioned for Division One and signed by the presiding justice of that division. The next day, this court clarified in a subsequent order that the appeal was pending in this division.

appealable, and that the time for appealing therefrom "may have expired" before appellant's filing of the notice of appeal on September 28, 2007. The order also noted that nothing precluded respondent from serving and filing a properly noticed motion to dismiss in advance of the parties' briefing. Respondent filed no such motion. Instead, he argued in his brief that although appellant's appeal was untimely to the extent he challenged the original order granting defendants' anti-SLAPP motion, appellant's appeal from the subsequent judgment was timely insofar as he challenged the award of attorney fees.

Appellant concedes that his failure to appeal the September 8, 2006 order granting defendants' anti-SLAPP motion precludes this court from considering the correctness of that ruling. (*Maughan v. Google Technology, Inc., supra,* 143 Cal.App.4th at pp. 1246–1247 [because plaintiff did not timely appeal from order granting a special motion to strike, court could not reach merits of order].) The question remains, however, whether he was required to appeal from the order granting attorney fees and denying discovery, and whether his subsequent appeal from the judgment was therefore untimely.

### A. *Untimely Appeal of Attorney Fees Award.*

In general, the party prevailing on a special motion to strike may seek an attorney fees award through three different avenues: simultaneously with litigating the special motion to strike, by a subsequent noticed motion, or as part of a cost memorandum at the conclusion of the litigation. (*American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1103 [112 Cal.Rptr.2d 488]; *Doe v. Luster* (2006) 145 Cal.App.4th 139, 144, fn. 4 [51 Cal.Rptr.3d 403].) In *Maughan v. Google Technology, Inc., supra,* 143 Cal.App.4th 1242, the trial court granted a motion for attorney fees submitted after the granting of an anti-SLAPP motion. (*Maughan, supra,* at p. 1245.) Judgment was entered the same day; the judgment summarized the trial court's previous anti-SLAPP order and attorney fees order. (*Id.* at pp. 1245–1246.) The plaintiff appealed from the judgment (but not the order granting fees and costs), and the defendant filed a cross-appeal from the judgment " 'insofar as it establishes attorneys' fees and costs.' " (*Id.* at p. 1246.) The appellate court held that the defendant's cross-appeal from the judgment was timely, and that it therefore was inconsequential whether it was to review the order granting attorney fees and costs as an interim order under the judgment (§ 906) or to construe the cross-appeal to have been taken from the order itself. (*Maughan, supra,* at p. 1248.) The court therefore found it was unnecessary to determine whether an order granting attorney fees to a prevailing defendant under the anti-SLAPP statute is directly appealable, or

whether it is reviewable only on appeal from the judgment. (*Ibid.*) As the parties here acknowledge, this is an unsettled question.

Relying on *Doe v. Luster, supra*, 145 Cal.App.4th 139, which held that *interlocutory* orders awarding or denying attorney fees under section 425.16, subdivision (c) are not immediately appealable, respondent argues in his appellate brief that appellant's appeal of the attorney fees award is timely as an appeal from a final judgment. As his attorney acknowledged during oral argument,[6] however, *Doe* is inapposite. There, it was a *plaintiff* who prevailed on anti-SLAPP motions when the trial court denied the motions. (*Doe, supra*, at p. 142.) Doe appealed the denial of her motion for attorney fees, but the appellate court dismissed the appeal, holding that nothing authorized an appeal from an interlocutory attorney fees order. (*Id.* at pp. 142, 145–146.) In *Doe*, the denial of attorney fees to the plaintiff was necessarily an interlocutory order, because the plaintiff had *prevailed* on the defendants' special motions to strike, thereby avoiding dismissal of her lawsuit. *Doe* noted that no statutory authority "authorizes an immediate appeal from the award . . . of attorney fees to the prevailing moving party," the situation here. (*Id.* at pp. 145–146.) However, it also acknowledged that an attorney fees award in an anti-SLAPP case may be appealed as "an order made after a judgment" (§ 904.1, subd. (a)(2)) where it is preceded by a judgment or dismissal order disposing of a plaintiff's action.[7] (*Doe, supra*, at pp. 147–149 & fn. 8, citing § 581d ["All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes . . . ."]; *Johnston v. Corrigan* (2005) 127 Cal.App.4th 553, 555–556 [25 Cal.Rptr.3d 657] [by filing amended cross-complaint that did not name cross-defendants

---

[6] By letter dated June 18, 2008, this court requested that the parties be prepared at oral argument to again address the timeliness of the appeal. At oral argument, respondent argued that the appeal was untimely. Appellant was unable to address the issues raised in the court's June 18 letter, and requested that he be permitted to submit a supplemental brief. The court indicated that it would inform the parties if it determined that supplemental briefing was necessary. Appellant thereafter filed an unsolicited letter brief, which we construed as a request to file a supplemental brief pursuant to California Rules of Court, rule 8.200(a)(4) and permitted it to be filed. We then requested a supplemental brief from respondent to respond to issues raised in appellant's supplemental brief.

[7] At least one practice guide, citing *Doe v. Luster, supra*, 145 Cal.App.4th 139, has concluded that "[a]n order granting or denying attorney fees following a ruling on an anti-SLAPP motion is *not* within the scope of the statutory provisions for direct appeal of a ruling on an anti-SLAPP motion . . . ." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2007) ¶ 2:135.13, pp. 2-71 to 2-72 (rev. # 1, 2007), original italics.) Eisenberg acknowledges, however, that "when the attorney fee order is rendered after a judgment of dismissal upon granting the anti-SLAPP motion, the order is directly appealable under CCP §904.1(a)(2) as an order after an appealable judgment . . . ." (Eisenberg, *supra*, ¶ 2:135.14, p. 2-72.)

after they filed special motion to strike, cross-complainant effectively dismissed cross-complaint against them; subsequent order granting attorney fees was appealable order]; *Moraga-Orinda Fire Protection Dist. v. Weir* (2004) 115 Cal.App.4th 477, 479–480 [10 Cal.Rptr.3d 13] [order denying attorney fees under § 425.16, subd. (c) was order after judgment, according to *Doe*, because it was made after trial court disposed of entire case on the merits]; *Bernardo v. Planned Parenthood Federation of America* (2004) 115 Cal.App.4th 322, 338–339 [9 Cal.Rptr.3d 197] [appeal of fee award that followed striking of entire complaint under § 425.16]; *Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 445–448 [121 Cal.Rptr.2d 275] [considering appropriateness of attorney fees incurred on appeal following dismissal of plaintiffs' action]; *Liu v. Moore* (1999) 69 Cal.App.4th 745, 751 [81 Cal.Rptr.2d 807] [defendant who is voluntarily dismissed after filing a special motion to strike is nevertheless entitled to determination of merits of motion; trial court's denial of attorney fee award after dismissal was a postdismissal order, according to *Doe*].)

We agree with respondent that the trial court's order granting defendants' anti-SLAPP motion was a written order of dismissal of the entire action, and therefore was a judgment pursuant to section 581d. (*Doe v. Luster, supra*, 145 Cal.App.4th at p. 147; *Kahn v. Lasorda's Dugout, Inc.* (2003) 109 Cal.App.4th 1118, 1120, fn. 1 [135 Cal.Rptr.2d 790] [order dismissing action in its entirety that is in writing, signed by the court, and filed in action is appealable judgment].) The original order granting defendants' anti-SLAPP motion, which was signed by the court, struck appellant's entire complaint, stating, "the court GRANTS Defendants' Special Motion to Strike Mr. Melbostad's Complaint in its entirety. Mr. Melbostad's Complaint *is dismissed with prejudice.*" (Italics added.) The trial court subsequently granted appellant's motions for reconsideration and recusal of a research attorney; however, it again granted defendants' motion. Although the second order granting defendants' anti-SLAPP motion concluded by stating that "defendants' special motion to strike should be granted" and did not specifically dismiss the complaint, it is clear from the record that this was the effect of the court's order.[8]

■ Section 904.1, subdivision (a)(2) provides that an appeal may be taken "[f]rom an order made after a judgment made appealable by paragraph (1)." Appellant argues that because the order granting defendants'

---

[8] After entry of judgment, a trial court has no further power to rule on a motion for reconsideration. (*APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 181–182 [90 Cal.Rptr.2d 171].) Because the trial court's original order striking appellant's complaint was a judgment, the court did not have authority to reconsider it. (*Ibid.*) The error does not affect our analysis, however, because even assuming that the second order was void, it reached the same conclusion as the first order. Moreover, there is no dispute that appellant did not timely appeal from either order.

anti-SLAPP motion was not a "judgment" specifically referenced in section 904.1, subdivision (a)(1), subdivision (a)(2) is inapplicable. He notes that section 904.1, subdivision (a)(13) specifically provides that an appeal may be taken from an order granting or denying a special motion to strike under section 425.16, and that the Legislature therefore "clearly categorized" orders granting or denying special motions to strike as something other than a "judgment" for purposes of section 904.1, subdivision (a)(1). Again, this issue was addressed in *Doe v. Luster, supra*, 145 Cal.App.4th 139. The court noted that even before the anti-SLAPP statute was amended to permit immediate appeals of orders granting or denying a special motion to strike, "if granting the special motion to strike *resulted in dismissal of the entire action*, the appeal after judgment was, of necessity, immediate" pursuant to section 581d. (*Doe, supra*, at p. 144, italics added.) The Legislature amended section 425.16 to authorize immediate appeals of all orders granting or denying special motions to strike to permit defendants to immediately challenge denials of meritorious anti-SLAPP motions. (*Doe, supra*, at pp. 144–145.) We agree with respondent that just because all orders granting or denying anti-SLAPP motions (many of which are necessarily interlocutory because they either allow the action to proceed or because they dispose of fewer than all causes of action) are now appealable under section 904.1, subdivision (a)(13), it does not follow that dismissal of an entire action following the granting of a special motion to strike is not a judgment pursuant to section 581d.

Our conclusion that the trial court's order was a judgment is consistent with *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 669–670 [43 Cal.Rptr.3d 148], which assumed that an order granting attorney fees is appealable without a separate "judgment" following the granting of an anti-SLAPP motion. In *Paulus* (which was decided before *Doe v. Luster, supra*, 145 Cal.App.4th 139, but not cited in that opinion), the trial court granted a special motion to strike the plaintiff's entire complaint, and it later awarded the defendant attorney fees, apparently without entering a "judgment." (*Paulus, supra*, at pp. 669–670.) The plaintiff thereafter "filed a timely notice of appeal from the orders striking the complaint *and* awarding attorney fees and costs." (*Id.* at p. 670, italics added.)

 We find further support for our conclusion that the trial court's order granting defendants' anti-SLAPP motion was a judgment in section 577, which provides that a final judgment is "the final determination of the rights of the parties in an action or proceeding." "[A] judgment, no matter how designated, is the final determination of the rights of the parties in an action. Thus, an 'order' which is the final determination in the action is the judgment." (*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606 [275 Cal.Rptr. 887].) "In 'determining whether a particular decree is essentially

interlocutory and nonappealable, or whether it is final and appealable . . . [i]t is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101 [39 Cal.Rptr.2d 737] [order granting summary adjudication as to one cause of action appealable even though no final judgment entered because order effectively disposed of case], quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 669–670 [123 P.2d 11].) ■ Here, the order granting defendants' motion to strike was the final determination of the rights of the parties in this action. (§ 577; *Passavanti v. Williams, supra,* 225 Cal.App.3d at p. 1607.) There was no issue left for future determination, and the order disposed of the entire case against defendants. (*Belio v. Panorama Optics, Inc., supra,* 33 Cal.App.4th at p. 1101.) "The fee order at issue, therefore, was appealable under section 904.1, subdivision (a)(2), as 'an order made after a judgment.' " (*Doe v. Luster, supra,* 145 Cal.App.4th at p. 147.) Appellant's failure to appeal within 60 days of being served with the notice of entry of the order renders his subsequent appeal from the judgment untimely. (Cal. Rules of Court, rule 8.104(a)(2) [notice of appeal must be filed 60 days after party filing notice is served with notice of entry of judgment], (b) [reviewing court must dismiss untimely appeal], (f) [term "judgment" includes an appealable order for purposes of rule].)

We acknowledge that some cases apparently presume that a formal "judgment" will follow the granting of a special motion to strike. In *Russell v. Foglio* (2008) 160 Cal.App.4th 653 [73 Cal.Rptr.3d 87], the court held that a plaintiff failed to appeal from the anti-SLAPP order, but instead waited to appeal from the subsequent " 'judgment' " that adjudged the plaintiff's motion to tax costs. (*Id.* at pp. 658–659.) The trial court had directed the prevailing defendant to submit a proposed form of judgment, but no proposed judgment was ever filed. In rejecting the plaintiff's argument that the order granting the special motion to strike was not an appealable order because no form of judgment was entered, the court noted, "There was no need for a further signed order to finalize the adjudication. And in fact, the order directed that defendant prepare not a further, more formal order, but a judgment. *That was what should have followed,* the court having granted a motion to strike plaintiff's entire complaint. [Citation.] Although such a judgment would itself have been appealable, so was the order granting the

motion to strike . . . ." (*Id.* at p. 660, italics added.) The court held that the appeal from the subsequent " 'judgment' " adjudicating the attorney fees motion was timely, and proceeded to consider the reasonableness of the fee award. (*Id.* at pp. 658–659, 661–662.)

In *Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 257–258 [41 Cal.Rptr.3d 273] (*Sunset Millennium*), cited in *Russell v. Foglio, supra*, 160 Cal.App.4th at page 660, the trial court granted a special motion to strike; the clerk mailed a 14-page minute order to the parties that lacked a title. The appellate court noted that "[t]he granting of the . . . special motion to strike terminated the entire lawsuit as to defendant. Defense counsel *submitted a proposed judgment*, which was signed by the trial court on December 9, 2005. On December 9, 2005, a deputy clerk mailed a copy of the signed judgment to the parties." (*Sunset Millennium, supra*, at p. 258, italics added.) The court held that the deadline for filing a notice of appeal from the granting of the special motion to strike was triggered by the December 9 mailing of the "judgment," because that mailing was correctly titled "Notice of Entry" of judgment, whereas the previous notice lacked such a title. (*Id.* at p. 259.) Both *Russell v. Foglio* and *Sunset Millennium* apparently assumed that a "judgment" will follow an order granting a special motion to strike; however, *Russell v. Foglio* held that such a judgment was not necessary to trigger the statute of limitations (at least with respect to the order granting the motion). (*Russell v. Foglio, supra*, at pp. 660–661.) And *Sunset Millennium* very well may have held that the original pre-"judgment" order granting the anti-SLAPP motion was timely had the clerk titled it "Notice of Entry" of that order. (*Sunset Millennium, supra*, 138 Cal.App.4th at pp. 259–260.) Here, defendants sent appellant a document titled "Notice of Entry of Order" after the trial court granted defendants' motion to strike on September 8, 2006.

The August 1, 2007 "judgment" that was submitted by defendants' counsel and signed by the trial court appears to have served no purpose here, and appellant's appeal from it does not save his otherwise untimely appeal. Appellant's entire complaint had been dismissed nearly 11 months before the entry of "judgment." Although the "judgment" recapitulated Fisher's attorney fees award, nothing had prevented appellant from appealing the original award within 60 days after notice of its entry was served.

### B. *Untimely Appeal of Discovery Order.*

We next address whether we may consider the merits of the granting of defendants' motion for a protective order. It is questionable whether there is

any effectual relief this court may grant appellant even if we address whether appellant was entitled to discovery in connection with respondent's attorney fees motion, in light of the fact that we are dismissing the appeal of the underlying fee award. (*Giles v. Horn* (2002) 100 Cal.App.4th 206, 226–227 [123 Cal.Rptr.2d 735] [appellate courts generally will not consider moot issues].) Assuming arguendo that the issue is not moot, the appeal of the discovery order is untimely.

■ We recognize that the grant of a protective order is not appealable (*Bartschi v. Chico Community Memorial Hospital* (1982) 137 Cal.App.3d 502, 507 [187 Cal.Rptr. 61]), and that orders granting or denying discovery are generally reviewable only on an appeal from a final judgment entered in the action (*Southern Pacific Co. v. Oppenheimer* (1960) 54 Cal.2d 784, 786 [8 Cal.Rptr. 657, 356 P.2d 441]). Having concluded that the order granting defendants' special motion to strike served as a judgment, however, the order granting the protective order was appealable as an order after judgment (§ 904.1, subd. (a)(2)) if (1) the issues raised by the appeal from the order are different from those arising from any appeal from the order granting the anti-SLAPP motion, and (2) the order affects the judgment or relates to it by enforcing or staying its execution. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652 [25 Cal.Rptr.2d 109, 863 P.2d 179].)

The first requirement is plainly satisfied here, because the granting of a protective order clearly raised issues different from those arising from the order denying the anti-SLAPP motion itself. (*Lakin v. Watkins Associated Industries, supra*, 6 Cal.4th at p. 651.) As to the second requirement, the Supreme Court has indicated that we should look to whether an order, "although following an earlier judgment, [is] more accurately understood as being preliminary to a later judgment, at which time [it] will become ripe for appeal." (*Id.* at p. 652.) Where an order is "preliminary to a later judgment," it does not meet the second requirement, and is thus not appealable. (*Ibid.*) Here, the denial of appellant's request for discovery was not "preliminary to a later judgment"; it was the final determination of appellant's right to discovery. (Cf. *ibid.*) Appellant argues that "[i]t would not have been in the interest of judicial economy to appeal" the trial court's granting of the protective order, because the trial court granted it "without prejudice." Although that may have been true with respect to the trial court's May 25, 2007 order, the court's subsequent denial of appellant's request for discovery at the hearing on respondent's motion for attorney fees was a final determination of the issue. Again, appellant's failure to appeal within 60 days of being served with the notice of entry of the order renders his subsequent appeal from the "judgment" untimely. (Cal. Rules of Court, rule 8.104(a)(2), (b), (f).)

### III.

#### DISPOSITION

The appeal is dismissed. Appellant's request for judicial notice is denied as moot. Respondent shall recover his costs on appeal. Respondent is also entitled to recover reasonable attorney fees associated with defending the appeal. (Cal. Rules of Court, rule 3.1702(c); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [54 Cal.Rptr.2d 830] [appellate attorney fees recoverable under § 425.16].)

Ruvolo, P. J., and Rivera, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 2008, S166694.