Filed 10/21/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CORINNA REYES et al., | H044661 |
| | (Santa Clara County |
| Plaintiffs and Appellants, | Super. Ct. No. 116CV293460) |
| v. | ORDER MODIFYING OPINION |
| | NO CHANGE IN JUDGMENT |
| KIM KRUGER et al., | |
| Defendants and Respondents. | |

BY THE COURT:

It is ordered that the opinion filed herein on September 25, 2020, be modified as follows:

1.      On page 11, in the last sentence of the first paragraph which begins with the words "The fact that the trial court did not rule," delete "rule on the request for" and insert "address respondents' statutory right to" in its place.  In that same sentence, after the citation to "(*Maughan*, *supra*, 143 Cal.App.4th at p. 1247)" add the following sentences:

The provision for attorney fees and costs in the January 23 judgment furthermore cannot be construed as a "substantial modification" of the order granting the special motions to strike—such as would restart the 60–day period for filing a notice of appeal (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 765), because respondents' claim to statutory attorney fees and costs (§ 426.16, subd. (c)(1)) did not materially affect the rights of the parties as determined in the November 22 order.  (See *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504]; *id*. at p. 509 [holding that the amended judgment did not supersede the original judgment for purposes of computing time to

appeal, where the resulting change in "monetary positions of the litigants . . . did not deprive the parties of their ability to challenge" the original judgment by timely filing an appeal]; see also *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222 [noting it "well settled" that a modified judgment to add attorney fees and costs does not substantially change the original judgment or affect the time to appeal].)

2.      On page 19, after the last sentence of the first full paragraph which ends with the words, "but not when served by a party," insert the following footnote:

[11] We do not mean to suggest that section 659 *incorporates* the definition of judgment set forth in section 664.5 beyond the limits articulated by the California Supreme Court in *Palmer*.  There, the court explained that "the posttrial motion sections (§§ 659, 660) . . . peg their jurisdictional time limits to mailing of notice of entry of judgment by the clerk of the court pursuant to section 664.5, but neither section refers to section 664.5 in describing service by a party.  Thus, the plain language of sections 659 and 660 expressly incorporates the provisions of section 664.5 *only when the court clerk mails notice of entry of judgment*."  (*Palmer*, *supra*, 30 Cal.4th at pp. 1271-1272, italics added.)  Rather, we view the statutory reference as providing reinforcement for our general conclusion that an order which is directly appealable and which serves as final adjudication of the rights of the parties also triggers the statutory time limit for a posttrial motion for new trial.


The appellants' petition for rehearing is denied.  There is no change in the judgment.

Dated: _____                    _____
                                            Bamattre-Manoukian, Acting P.J.




                                            _____
                                            Danner, J.




Reyes et al. v. Kruger et al.
H044661

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CORINNA REYES et al., | H044661 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 116CV293460) |
| v. | |
| KIM KRUGER et al., | |
| Defendants and Respondents. | |

Appellants Corinna Reyes and Golden State Care Collective, Inc. (together, "Reyes" or "appellants"), filed a complaint for malicious prosecution against property owner Kim Kruger and Kim Kruger Trust (together, Kruger) and Kruger's former attorney, Todd Rothbard (Rothbard), for what Reyes contended was a wrongful eviction. The trial court granted Kruger's and Rothbard's (together, respondents') motions to strike the complaint under California's anti-SLAPP statute (Code Civ. Proc., § 425.16)[1] and denied appellants' subsequent motion for new trial. On appeal, appellants seek to challenge the order granting the anti-SLAPP motions. Alternatively, in response to respondent Kruger's claim that the appeal of the anti-SLAPP order is not cognizable, appellants seek to challenge the order denying the motion for new trial.

The record shows that appellants did not appeal from the order granting the anti-SLAPP motions but from the judgment of dismissal that followed later, which they relied on as the appealable order. We conclude, based on the applicable law that makes an order granting a motion to strike immediately appealable (§§ 426.16, subd. (i), 904.1,

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

subd. (a)(13)), that appellants' appeal as to the order on the anti-SLAPP motions was untimely. We similarly conclude that the challenge to the denial of the new trial motion is not cognizable on appeal from the judgment of dismissal, because the motion for new trial was itself untimely and did not serve as a valid basis to extend time for filing of the appeal under California Rules of Court, rule 8.108.[2] Because the time limits at issue in both instances are jurisdictional, we conclude that we lack jurisdiction to consider the challenged orders and so we dismiss the appeal.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The present case for malicious prosecution is based on a prior action brought by Kruger against Reyes for unlawful detainer (the prior action).

Reyes operated a medical marijuana outlet on commercial premises leased by Kruger. Kruger stated that she received complaints from neighbors about the operation and its customers, mostly related to parking issues, loitering, and littering. Kruger also stated that the city's code enforcement contacted her about violations on the premises and Reyes's noncompliance with requests for inspection. After an inspection confirmed the code violations and revealed other unpermitted alterations to the property, Kruger began eviction proceedings. Kruger retained new counsel after the eviction effort faltered.

### A. The Prior Action for Unlawful Detainer

Kruger, represented by Rothbard, filed an unlawful detainer action against Reyes.[3] Respondents served notice of the ongoing lease violations followed by a three day notice to pay rent or quit the premises. Respondents based the three day notice on a delinquency in rent that had accrued during the pendency of Kruger's earlier attempt to evict, during which time she had not accepted rent payments. According to Kruger, when

---

[2] Unspecified rule references are to the California Rules of Court.

[3] *Kim Kruger v. Corinna Reyes and Golden State Care Collective, Inc.*, Santa Clara County Superior Court (No. 113CV253086).

2

Reyes failed to pay the delinquent amount within three days, she and Rothbard decided that "the most straightforward way to evict was based upon the nonpayment of rent" so she "rejected their one day late tender of the rent amount and proceeded" to file the unlawful detainer action.

The unlawful detainer action was tried in October 2013 by the Honorable Derek Woodhouse. A contested question was whether Kruger had returned the payment of certain rent that Reyes had paid by direct deposit into her bank account. Kruger testified that during her first eviction attempt, she realized she had to return the rent. She gave $2,800 in cash to appellants by handing an envelope with the cash to an employee at the door of appellants' business. Kruger did not know the date and did not get a signed receipt. She said the cash came from money she kept at her house. She acknowledged that she had no proof of the payment. Reyes testified that she never received any cash at any time from Kruger, and there was no employee at her business who was authorized to accept cash for her. Reyes never received an e-mail or other communication indicating that Kruger had dropped off cash. There was a similar factual dispute about a $2,800 check that Kruger testified she mailed but Reyes denied having ever received.

Rothbard explained to the trial court at the unlawful detainer trial that the returned payment of $2,800 enabled application of the statutory presumption affecting the burden of proof for commercial property unlawful detainer proceedings—whereby the amount Kruger claimed was owed on appellants' lease, as set forth in the three day notice to pay rent or quit, was a reasonable estimate. (§ 1161.1, subds. (a), (e).) He framed the question of the returned cash payment and the $2,800 check as "a pure credibility question" for the court. Rothbard stated, "If Your Honor believes that my client made up out of whole cloth sending the check, and . . . making a payment in cash, we lose. [¶] If your Honor believes that my client is testifying accurately, we prevail." Rothbard criticized his client's decision to return payment in cash without a receipt but represented that he believed she did it and pointed to evidence of her credibility.

3

Reyes's counsel at the unlawful detainer hearing responded that the case was not "just about credibility" but also about respondents' burden of proof to show that the amount in the notice accurately reflected the amount of past-due rent, or reasonably estimated that amount within 20 percent. Reyes argued it was "convenient" of Kruger to claim she had returned the $2,800 rent payment in cash so that the estimate stated in the notice was within the statutory 20 percent margin for a reasonable estimate. Reyes further argued based on evidence in the record that Kruger had failed to satisfy the burden of proof required to obtain forfeiture of the lease rights.

The trial court granted judgment in favor of Kruger. It reasoned that the technical requirements in unlawful detainer actions must be "strictly adhered to" and that considering the arguments and exhibits, it was "constrained to find judgment for the [respondent] as requested." The trial court entered judgment in favor of Kruger on October 18, 2013.

After unsuccessful attempts to vacate the unlawful detainer judgment and to petition for relief from the judgment as it declared forfeiture of the lease, Reyes filed an appeal in the appellate division of the superior court. The appellate division reversed the judgment in a published decision. (*Kruger v. Reyes* (2014) 232 Cal.App.4th Supp. 10, 12.) The appellate division found that because Reyes had "timely paid all rent due through the period covered by the three-day notice by deposit directly into Kruger's bank account, . . . they had actually performed and were not in default when Kruger served them with a three-day notice to pay rent or quit," rendering the three-day notice "premature and void as a matter of law." (*Ibid.*)

Following the decision of the appellate division, Reyes sued Kruger in July 2015 in a breach of contract action for wrongful eviction. The trial court granted Kruger's special motion to strike the complaint under the anti-SLAPP statute and dismissed the case. Reyes then filed the instant action.

4

## B. Action for Malicious Prosecution

In April 2016, Reyes filed this malicious prosecution action. The complaint named Kruger, as Reyes's landlord in the prior action, Rothbard, as Kruger's attorney in the prior action, and Alex Alonzo, who was the process server for the three-day notice to pay rent or quit in the prior action, as defendants. The defendants each filed demurrers to the complaint, and Kruger and Rothbard also filed anti-SLAPP motions. The trial court sustained Alonzo's demurrer with leave to amend, and in light of that order overruled Kruger's and Rothbard's demurrers and denied their anti-SLAPP motions as moot.

In June 2016, appellants filed the operative, first amended complaint (hereafter, "complaint") with a single cause of action for malicious prosecution. Reyes dismissed defendant Alonzo from the action. The complaint alleged that Kruger engaged in fraud and perjury by falsely testifying at trial in the prior action that she had returned $2,800 in cash to Reyes by handing an envelope to an employee at the medical marijuana dispensary. Reyes claimed that there was a compelling reason for the false testimony because without the purported cash payment, Kruger's three-day notice to pay would have been outside the 20 percent margin of error allowed for commercial leases.

Kruger and Rothbard each filed demurrers and special motions to strike the complaint under California's anti-SLAPP statute (§ 425.16). The anti-SLAPP motions established that the complaint's cause of action was based upon a protected activity and asserted that Reyes lacked the evidentiary showing required to demonstrate a probability of prevailing on the merits of the malicious prosecution case. Reyes filed a single opposition to the anti-SLAPP motions, supported by a declaration and exhibits and request for judicial notice. Kruger and Rothbard each filed a reply and asserted evidentiary objections to appellants' opposition.

The trial court granted both anti-SLAPP motions. It ruled on respondents' identical requests for judicial notice and, in a detailed analysis, considered the evidence and legal issues pertaining to the special motions to strike. The court found that Reyes

5

had not established a probability of prevailing on the merits of each element of the malicious prosecution claim. It overruled the demurrers as moot based upon its ruling granting the two special motions to strike the complaint. The trial court served a file-stamped copy of the order with proof of service on November 22, 2016 (hereafter "November 22 order"). Counsel for Kruger served a notice of entry of judgment or order on November 29, 2016.

On January 23, 2017, the trial court entered a judgment of dismissal based upon the November 22 order granting the anti-SLAPP motions and awarded reasonable attorney fees and costs, to be determined by separate motion (hereafter, "January 23 judgment"). Counsel for Kruger served a notice of entry of judgment or order on January 30, 2017.

On February 2, 2017, Reyes filed a notice of intention to move for a new trial. Reyes filed a memorandum of points and authorities in support of the new trial motion, as well as supporting documents. Kruger and Rothbard filed separate oppositions to the motion for new trial and renewed their prior objections to the Reyes declaration which was resubmitted in support of the motion for new trial. Reyes filed a single reply brief in support of the motion. On March 30, 2017, the trial court entered an order denying the motion for new trial and served a file-stamped copy with proof of service. Kruger served notice of entry of judgment or order denying a new trial on April 5, 2017.

Reyes filed a notice of appeal on April 14, 2017. The notice appealed from the judgment entered in favor of Kruger on January 23, 2017, "and from all orders relating thereto, including and not limited to the" order denying the motion for new trial, entered on March 30, 2017.

## II. DISCUSSION

Appellants challenge the order granting respondents' anti-SLAPP motions, focusing largely on what they contend was the trial court's erroneous application of the interim adverse judgment rule.[4] Appellants did not appeal from the November 22 order on the anti-SLAPP motions, however, but from the January 23 judgment that followed later, which they relied on as the appealable order. Respondent Kruger contends that the failure to timely appeal the anti-SLAPP order deprives this court of jurisdiction. Appellants respond that their appeal from the January 23 judgment was proper under the circumstances; but if this court concludes the appeal was untimely as to the anti-SLAPP order, the appeal of the judgment and "orders relating thereto" was timely, enabling appellate review of the denial of the motion for new trial. We find that appellants' reliance on the timeliness of the appeal from the January 23 judgment is misplaced, because it is predicated on the application of rule 8.108 to extend time for filing the appeal. We conclude that rule 8.108 did not apply where the notice of motion for new trial was not filed within the jurisdictional limit of 15 days from service of notice of entry of the appealable order granting the anti-SLAPP motions.

---

[4] The California Supreme Court recently articulated the basis for application of the interim adverse judgment rule in *Parrish v. Latham & Watkins* (2017) 3 Cal.5th 767 (*Parrish*). The court explained that a plaintiff seeking to establish liability for the tort of malicious prosecution "must demonstrate, among other things, that the defendant previously caused the commencement or continuation of an action against the plaintiff that was not supported by probable cause." (*Id*. at p. 771.) "[I]f an action succeeds after a hearing on the merits, that success ordinarily establishes the existence of probable cause (and thus forecloses a later malicious prosecution suit), even if the result is overturned on appeal or by later ruling of the trial court. [Citation.] This principle has come to be known as the interim adverse judgment rule." (*Ibid*.) Appellants rely on language in *Parrish* to support their claim that the interim adverse judgment rule should not have applied here, because according to appellants, the initial decision in Kruger's favor in the unlawful detainer action hinged on false testimony about the returned rental payment.

7

## A. Challenge to Order Granting Anti-SLAPP Motions Is Not Cognizable

Appellants contend that the trial court erred in granting the anti-SLAPP motions since the evidence in opposition to the motions was adequate to establish a reasonable probability of prevailing on the malicious prosecution claim. (§ 425.16, subd. (b)(1) [cause of action arising from matters subject to anti-SLAPP shall be subject to a special motion to strike, unless the court determines the plaintiff has established "a probability that the plaintiff will prevail on the claim"].) They emphasize that a plaintiff "need only establish that his or her claim has 'minimal merit' [citation] to avoid being stricken as a SLAPP." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291, citing *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 738.)

Appellants claim that they satisfied this threshold as to each of the three elements comprising their malicious prosecution claim by showing that the unlawful detainer action was (1) initiated at respondents Kruger's and Rothbard's direction and pursued to a legal termination in favor of Reyes and Golden State Care Collective, (2) initiated or maintained without probable cause, and (3) initiated or maintained with malice. (See *Parrish*, *supra*, 3 Cal.5th at p. 775 [summarizing the elements of the civil tort of malicious prosecution]; *Zamos v. Stroud* (2004) 32 Cal.4th 958, 965-966.) Appellants seek to establish that the appellate reversal of the unlawful detainer judgment was a determination on the merits, as opposed to a technical or procedural determination, and that the purported probable cause for the unlawful detainer action was based on Kruger's false testimony about having returned the $2,800 rental payment in cash. We are, however, unable to review appellants' challenge to the anti-SLAPP order because appellants failed to timely appeal from it.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Whether a trial court's order is appealable is determined by statute. (*Ibid.*) The anti-SLAPP statute provides that an "order granting or denying a

8

special motion to strike shall be appealable" under section 904.1. (§ 425.16, subd. (i).) Section 904.1 likewise provides that "[a]n appeal . . . may be taken . . . [f]rom an order granting or denying a special motion to strike under [s]ection 425.16." (§ 904.1, subd. (a)(13).) " ' "If a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review." ' " (*Maughan v. Google Technology*, *Inc*. (2006) 143 Cal.App.4th 1242, 1247 (*Maughan*).)

Appellate jurisdiction over a direct appeal is in this way clearly delineated. As our Supreme Court has explained, "California follows a 'one shot' rule under which, if an order is appealable, appeal must be taken or the right to appellate review is forfeited." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 762, fn. 8, citing § 906 [the powers of a reviewing court do not include the power to "review any decision or order from which an appeal might have been taken" but was not]; *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 967 ["If [a] ruling *is* appealable, the aggrieved party *must* appeal or the right to contest it is lost."].)

It is no secret that failing to timely appeal a ruling that by statute is appealable may result in the reviewing court's inability to consider the eventual appeal. Case law is replete with such instances after the grant of a motion to strike under the anti-SLAPP statute. In *Maughan*, *supra*, 143 Cal.App.4th at page 1247, the court found it had no jurisdiction to consider the appeal from an order granting the defendant's motion to strike the complaint under the anti-SLAPP statute, because the order was "final when made, and thus appealable" despite the trial court's later issuance of a judgment and related order granting attorney fees and costs. In *Russell v. Foglio* (2008) 160 Cal.App.4th 653 (*Russell*), the court similarly concluded that it lacked jurisdiction to review the anti-SLAPP order striking the complaint, because the order was "specifically, statutorily appealable" (*id*. at p. 659) notwithstanding the appellant's dispute over its validity (*id*. at pp. 659-660). And in *Melbostad v. Fisher* (2008) 165 Cal.App.4th 987 (*Melbostad*), the court accepted the appellant's concession that failure to appeal the order granting the

9

defendant's anti-SLAPP motion precluded appellate review of "the correctness of that ruling." (*Id*. at p. 992.)

The chronology of the orders and the appeal in this case affords no basis to depart from the conclusion reached in *Maughan*, *Russell*, and *Melbostad*. The trial court's order titled "Order Re Special Motion to Strike" stated after a detailed analysis that "[b]oth special motions to strike the FAC [First Amended Complaint] are GRANTED as Plaintiffs cannot show a probability of prevailing." The clerk of the superior court filed the order on November 22, 2016 and served notice of entry of the order by mail on the same day. Kruger's counsel served the notice of entry of judgment or order on November 29, 2016. Under the applicable rules of court, plaintiffs had 60 days from the trial court's service of the file-stamped copy of the order, or from the notice of entry of judgment or order to file the notice of appeal, or until January 23, 2017. (Rule 8.104(a)(1)(A), 8.104(e).) Plaintiffs did not file a notice of appeal until April 14, 2017, well after expiration of the 60-day deadline. If a notice of appeal is filed late, we are constrained to dismiss the appeal. (Rule 8.104(b).)

Plaintiffs' arguments to the contrary are unavailing. They suggest that the appeal from the anti-SLAPP order was timely, citing the January 23 judgment as the "final" or operative order. In support, they contrast the "terse" language of the November 22 order stating that the special motions to strike the complaint are granted based on plaintiffs' inability to show a probability of prevailing, against the more robust language of the January 23 judgment, which again stated in present tense that Kruger's and Rothbard's special motions to strike "are each granted" and further ordered that plaintiffs' complaint against defendants "is stricken." Plaintiffs also assert that the November 22 order contained a defective proof of service as to respondents Kruger and Rothbard.

Neither contention has merit. The proof of service for the "order re special motion to strike" was file-stamped November 22, 2016, by the clerk of the superior court and

10

included counsel for Kruger, Rothbard, and Reyes.[5]  The service and filing of the notice of entry of judgment or order "on the party filing the notice of appeal . . ." triggered the 60-day deadline for filing the notice of appeal.  (Rule 8.104(a)(1)(A).)  The order itself plainly satisfied the statutory definition of an appealable order as an "order granting or denying a special motion to strike" under the anti-SLAPP statute.  (§§ 425.16, subd. (i), 904.1, subd. (a)(13).)  The fact that the trial court did not rule on the request for attorney fees and costs in the November 22 order did not render the order interim.  (*Maughan*, *supra*, 143 Cal.App.4th at p. 1247.)

The later issuance of the judgment of dismissal similarly had no effect on the finality of the underlying anti-SLAPP order.  Like in *Russell*, where the order granting the motion to strike the complaint directed the defendant to prepare a form of judgment, the November 22 order in this case granted respondents' motions to strike the plaintiffs' entire complaint and did not need "a further signed order to finalize the adjudication." (*Russell*, *supra*, 160 Cal.App.4th at p. 660.)  The January 23 judgment plainly referenced and attached the underlying order, which served as a "final determination of the rights of the parties in this action" (*Melbostad*, *supra*, 165 Cal.App.4th at p. 996, citing § 577) and effectively disposed of the case against Kruger and Rothbard.  The judgment of dismissal "appears to have served no purpose" (*Melbostad*, *supra*, at p. 997) insofar as it merely recapitulated the order granting the motions to strike and ordered the payment of attorney fees and costs, to be established by a separate motion.

Nor do the doctrines of estoppel and waiver, or invited error, apply.  Appellants argue that respondents bear some responsibility for the January 23 judgment, which

---

[5] The record appears to contain two copies of the proof of service to the November 22, 2016 order regarding special motion to strike.  Although one of those copies appears to omit counsel for Rothbard, the other—which is the file-stamped copy— includes counsel for all three parties.  Either version would have triggered the 60-day deadline based on the court clerk's service and filing of the notice of entry of judgment "on the party filing the notice of appeal . . . ."  (Rule 8.104(a)(1)(A).)

11

apparently was proposed by Kruger and signed by counsel for Rothbard. Appellants contend that because respondents introduced the so-called "second order" and judgment, they cannot now disclaim it as the operative order in order to claim the benefit of an untimely appeal. (See *Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 166 [explaining that a party who, by their conduct, induces the commission of an error is estopped from asserting it as grounds for reversal, and similarly may waive their right to attack error by expressly or impliedly agreeing at trial to the procedure objected to on appeal].)

Nothing in the creation, signing, and filing of the January 23 judgment altered the immediate appealability of the November 22 anti-SLAPP order. Jurisdictional time limits for appealable orders may not be extended by estoppel, consent, waiver, agreement or acquiescence. (*Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 480-482 (*Garibotti*); see rule 8.60(d) [authorizing a reviewing court, for good cause, to "relieve a party from default for any failure to comply with these rules *except the failure to file a timely notice of appeal*"], italics added.)

The California Supreme Court has explained that such strict adherence to the statutory time for filing a notice of appeal is not intended to " 'arbitrarily penaliz[e] procedural missteps' " (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666) or to contradict sound public policy of according the right to appeal "in doubtful cases 'when such can be accomplished without doing violence to applicable rules' " (*id.* at p. 674). Indeed, courts before us have cautioned that litigants in SLAPP litigation frequently fail to recognize that the grant of a special motion to strike is an appealable order and have even suggested that the Legislature reconsider this aspect of section 425.16.[6] But when the applicable notice of appeal "has not in fact been filed

---

[6] More than 10 years ago, in his concurrence in *Russell*, Justice Rubin questioned the statutory scheme making the granting of a special motion to strike an immediately (continued)

within the relevant jurisdictional period—and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse." (*Hollister*, *supra*, at p. 674.)

We conclude that the November 22 order granting respondents' motions to strike the complaint was an appealable order from which an appeal may have been taken. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).) Consequently, appellants' challenge to the order on the anti-SLAPP motions is not cognizable on appeal from the January 23 judgment. (*Maughan*, *supra*, 143 Cal.App.4th at p. 1247 [" 'The taking of an appeal is . . . jurisdictional, and where no appeal is taken from an appealable order, a reviewing court has no discretion to review its merits.' "].)

## B. Challenge to Order Denying Motion for New Trial Is Not Cognizable

Appellants submit that even determining the appeal to be untimely as to the ruling on the anti-SLAPP motions does not foreclose review of the substantive issues raised in the motion for new trial. As expressed in appellants' supplemental briefing on the

---

appealable order and examined the "unintended consequences" that frequently follow. (*Russell*, *supra*, 160 Cal.App.4th at p. 664 (conc. opn. of Rubin, J.).) Justice Rubin observed that when a trial court grants an anti-SLAPP motion to strike, the resulting outcome is "two separate appeals—one from the granting of the motion to strike, and a second from the attorney's fee order and final judgment" (*ibid*.), which "*creates a trap for the unwary*, who may *lose their right to appeal from the order granting the motion to strike while they await the final judgment*." (*Ibid*., italics added.) He noted that "even highly regarded and experienced counsel can overlook that an order granting a motion to strike is immediately appealable." (*Ibid*.) Unable to identify a public policy benefit to "justify the cost to the parties and the courts of two separate appeals" (*ibid*.) and cognizant of the "trap" for litigants, Justice Rubin proposed that the "Legislature consider changing the statute." (*Id*. at p. 665.)

13

subject,[7] the legal issues raised by the motion for new trial mirrored those raised on appeal from the anti-SLAPP order and could present an alternate route to consideration of the merits of this case. We find, however, that the appeal from the January 23 judgment does not enable review of the order denying a new trial, because appellants' motion for new trial was itself untimely and did not serve as a valid basis to extend time for filing of the appeal under rule 8.108.

It is well-settled that an order denying a motion for new trial, while not directly appealable, may be reviewed on appeal from the underlying judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19 (*Walker*).) Appellants point to their notice of appeal, filed on April 4, 2017, which appealed from the judgment entered on January 23, 2017 and "from all orders relating thereto, including and not limited to the Order denying the Motion for New Trial, entered on March 30, 2017, and notice of it provided on April 3, 2017."

In principle, appellants are correct that timely appeal from the underlying judgment would enable review of the order denying the motion for new trial. (*Walker*, *supra*, 35 Cal.4th at pp. 18-19; § 904.1, subd. (a)(2).) But appellants fail in this case to demonstrate that their filing of the notice of appeal on April 4, 2017, was timely as from the January 23 judgment, due to the fact that the motion for new trial was itself subject to a strict time limit triggered *not* by the January 23 judgment but by the November 22 anti-SLAPP order. Our conclusion stems from the intersection of two sets of

---

[7] Appellants argued in a motion for supplemental briefing that given the "trap for the unwary" created by the direct appealability of an order granting a motion to strike under the anti-SLAPP statute (see *Russell*, *supra*, 160 Cal.App.4th at p. 664 (conc. opn. of Rubin, J.)), this court should permit supplemental briefing to challenge the trial court's ruling on the motion for new trial, which was encompassed in the appeal from the January 23 judgment and raised the same issues as the appeal from the anti-SLAPP order. We granted appellants' request to file supplemental briefing regarding issues raised in the motion for new trial.

14

jurisdictional time limits—governing motions for new trial and governing the time to appeal—with the statutory designation that an order granting an anti-SLAPP motion is directly appealable.

We begin with the time for filing an appeal. The notice of appeal from a judgment must be filed on or before the earliest of (1) 60 days after the trial court clerk's mailing of the notice of entry of judgment, (2) 60 days after the party filing the appeal serves or is served the notice of entry of judgment by a party, or (3) 180 days after entry of judgment. (Rule 8.104(a)(1)(A)-(C).) Rule 8.108 extends the time to appeal when a party "serves and files a valid notice of intention to move for a new trial . . . ." (Rule 8.108(b).)[8]

It is the "valid notice" provision of rule 8.108(b) that is at issue here. Though rule 8.108 does not define the term "valid," courts have interpreted it in accordance with the Advisory Committee comment to rule 8.108, which provides that " ' "*valid*" *means* only *that the motion or notice complies with all procedural requirements*; it does not mean that the motion or notice must also be substantively meritorious.' " (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1046, quoting Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2009 supp.) foll. rule 8.108, p. 84, italics added.) Respondent Kruger contends that appellants are not entitled to the extension of time under rule 8.108(b) because their motion for new trial did not meet the

---

[8] Rule 8.108 "operates only to extend the time to appeal otherwise prescribed in rule 8.104(a) . . . ." (Rule 8.108(a).) If a party "serves and files a valid notice of intention to move for a new trial" and the motion is denied (rule 8.108(b)), "the time to appeal from the judgment is extended . . . until the earliest of: (A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; (B) 30 days after denial of the motion by operation of law; or (C) 180 days after entry of judgment." (Rule 8.108(b)(1)(A)-(C).)

strict time limits for filing a notice of intention to move for new trial; consequently, the motion was not valid.[9] We believe that Kruger is correct for the following reasons.

First, the time limits on filing and ruling on a motion for new trial, set forth in section 659,[10] are jurisdictional. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 336 (*Kabran*).) "Both the 'right to move for a new trial' and the court's jurisdiction to hear it are creatures of statute. [Citations.] A trial court gains jurisdiction to hear such a motion only after a party files a timely notice of intent and judgment has been entered." (*Ibid*.) The jurisdictional effect goes both ways, as our Supreme Court reiterated in *Kabran*. "In particular, the trial court loses jurisdiction to hear a new trial motion if no notice of intent is filed within 15 days of the mailing or service of notice of entry of judgment, or within 180 days of the entry of the judgment." (*Id*. at p. 337; see § 659, subd. (a)(1), (2) [specifying time limits to file notice of intent to move for new trial] and subd. (b) [no extension of specified time limits by order or stipulation].) The court's analysis in *Kabran* is noteworthy because it contrasts the jurisdictional element of timing to file a notice of intention to move for new trial against elements of a new trial motion that are not jurisdictional, like the deadline for filing affidavits in support of the motion. (*Kabran*, *supra*, at pp. 337-342.) We conclude on this basis that a "valid" motion for new

---

[9] For completeness, we note that respondent Rothbard previously challenged the validity of the motion for new trial by filing a motion to dismiss the appeal, which this court denied in July 2018. The motion for dismissal asserted various deficiencies in the notice of intent to move for new trial but did not raise the timeliness issue that we now address.

[10] Section 659 provides that a notice of intention to move for a new trial must be filed with the court clerk and served on each adverse party either "after the decision is rendered and before the entry of judgment" (§ 659, subd. (a)(1)), or by the earliest of three deadlines: (1) within 15 days of "the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5"; (2) within 15 days of service on the moving party "by any party of written notice of entry of judgment"; or (3) "within 180 days after the entry of judgment." (§ 659, subd. (a)(2).)

trial under rule 8.108 is defined in part by the jurisdictional requirements for timely filing of the notice of intent under section 659.

Second, the statutory deadline begins to run when the party seeking to move for a new trial is served with a written notice of entry of judgment. (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1267 (*Palmer*).) In deciding what form a notice of entry of judgment must take to trigger the 15-day time limit for bringing a new trial motion, the *Palmer* court held that a "particular form of notice" is not required for service of notice by a party on the party who moves for a new trial. (*Id.* at p. 1277.) The time limit is triggered simply "by service on the moving party of 'written notice' of the 'entry of judgment' " (*ibid.*, citing § 659), and the written notice need not be entitled " 'notice of entry of judgment' " or filed separately with the court. (*Palmer, supra*, at p. 1277.)

Third, while *Palmer* declined to read into the statute any particular *form* of written notice of entry of judgment for purposes of triggering the statutory time limits under section 659, the entry of judgment itself is, of course, an indispensable predicate to filing a motion for new trial. A motion for new trial seeks "re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee." (§ 656.) It " 'is "a new statutory proceeding, collateral to the original proceeding" and constitutes a new action brought to set aside the judgment.' " (*Kabran, supra*, 2 Cal.5th at p. 336.)

Our understanding of a valid motion for new trial to trigger the extension of time to appeal under rule 8.108 therefore hinges on the timely filing of a notice of intention under section 659 upon service of notice of entry of judgment. The question that arises in this case is whether notice of the entry of an order granting a special motion to strike under section 425.16 satisfied the "entry of judgment" element of section 659 to trigger the statutory time limits for filing a motion for new trial? If the trial court's November 22 order on the anti-SLAPP motions—which resulted in service of a "notice of entry of judgment or order" by Kruger on November 29, 2016—triggered the statutory and jurisdictional deadline for filing the motion for new trial (§ 659; *Palmer, supra*, 30

17

Cal.4th at p. 1277), then appellants' filing of notice of intent to move for new trial on February 2, 2017, after the January 27 judgment, was not timely under section 659 or "valid" under rule 8.108(b)(1)(A).

We find that under the circumstances presented, appellants cannot rely on the application of rule 8.108(b)(1)(A) as having extended the time to appeal. As mentioned above, a motion for new trial seeks "re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee." (§ 656.) Here, the notice of intention to move for new trial stated that Reyes intended to move to set aside "the judgment entered on January 23, 2017 in this action, and to grant a new trial, based on a challenge to the order granting summary judgment [*sic*] entered November 22, 2016."

Although the notice of intention to move for new trial erroneously stated that it was seeking a new trial of the "order granting summary judgment," the notice correctly identified November 22 as the date of the order being challenged. Significantly, the November 22 order granting the special motions to strike was itself an appealable order under section 904.1 (§ 425.16, subd. (i)) and constituted final adjudication of the special motions to strike. (See *Melbostad*, *supra*, 165 Cal.App.4th at pp. 996-997; *Russell*, *supra*, 160 Cal.App.4th at p. 660; *Maughan*, *supra*, 143 Cal.App.4th at p. 1247.) Since the malicious prosecution cause of action comprised the entire action, the November 22 order effectively disposed of the complaint and operated as the final determination of the rights of the parties. (See *Melbostad*, *supra*, at pp. 996-997; § 577; see also *Varian Medical Systems*, *Inc*. *v*. *Delfino* (2005) 35 Cal.4th 180, 193 [explaining that the "granting [of] a motion to strike under section 425.16 results in the dismissal of a cause of action on the merits" and furthermore is "irreconcilable with a judgment in favor of the plaintiff"].)

We noted *ante* in considering timeliness of the appeal from the order granting the anti-SLAPP motions that the January 23 "judgment" merely recapitulated and appeared to formalize the November 22 order. As with the taking of the appeal from the order on

18

the anti-SLAPP motions, there was no need for entry of a further order or formal judgment to proceed with the motion for new trial.  The language of section 659 appears confirmatory of this point:  the 15-day mandatory time limit for filing a notice of motion for new trial is triggered either by service on the moving party of written notice of entry of judgment, or by service by the clerk of the court of notice of entry of judgment "pursuant to Section 664.5."  (§ 659, subd. (a)(2).)  Section 664.5 expressly defines " 'judgment' " as including "any judgment, decree, or signed order from which an appeal lies."  (§ 664.5, subd. (c).)  It would be incongruous for a "signed order from which an appeal lies" (*ibid*.)—in this instance, the anti-SLAPP order—to trigger the mandatory time limit under section 659 when notice of entry of judgment or order is mailed by the court clerk consistent with section 664.5, but not when served by a party.

These factors compel us to conclude that the "notice of entry of judgment or order" served on Reyes on November 29, 2016, not the redundant judgment of dismissal, triggered the 15-day time limit to file notice of the intent to move for a new trial as prescribed by section 659.  Reyes's filing and service of a notice of intention to move for new trial on February 2, 2017, was not timely as from the November 29, 2016 service of notice of entry of judgment or order for the November 22 anti-SLAPP order and did not extend time under rule 8.108 for the filing of the notice of appeal.

Appellants' arguments based loosely on equity are unavailing for the same reasons discussed *ante*.  The failure to challenge the validity of the motion for new trial in the trial court does not forfeit Kruger's jurisdictional challenge on appeal.  The Supreme Courts exposition on jurisdiction in *Kabran* leaves no room for doubt on this point: "Noncompliance with a jurisdictional rule cannot be excused or forfeited; a party may assert such noncompliance for the first time on appeal or in a collateral attack as a ground for invalidating the action.  In addition, a court may decide on its own motion that it lacks authority over the action because of noncompliance with a jurisdictional rule."  (*Kabran*, *supra*, 2 Cal.5th at p. 342; see also *Garibotti*, *supra*, 243 Cal.App.4th at pp. 481-482.)

Here, as just explained, Reyes did not meet the jurisdictional deadline for moving for a new trial. "Sections 657, 659, and 660, which govern on what ground and in what time period a litigant may seek a new trial, fall into the jurisdictional category. Not only is a party's attempt to file a notice of intent after the relevant deadline invalid, *but the court has no power to issue a ruling on the basis of an untimely filed notice* or on a ground not set forth in the statute." (*Kabran*, *supra*, 2 Cal.5th at p. 342, italics added.) Accordingly, "a party's failure to comply with any of these sections ' "may be raised for the first time on appeal." ' " (*Ibid*.)

In sum, the appeal from the January 23 judgment was timely filed *only* with the benefit of rule 8.108, the application of which was contingent on service and filing of a valid notice of intention to move for new trial. (Rule 8.108(b).) We find that the notice of intention to move for new trial was not timely, since the November 22 anti-SLAPP order granting the motions to strike was a "signed order from which an appeal lies" (§ 664.5, subd. (c); see § 425.16, subd. (i)) and constituted entry of judgment triggering the 15-day jurisdictional time limit under section 659. Rule 8.108 therefore did not operate to extend the time to appeal from the January 23 judgment. Alleged noncompliance with the jurisdictional time limits could be raised for the first time on appeal. (*Kabran*, *supra*, 2 Cal.5th at p. 342.)

## III. DISPOSITION

The appeal is dismissed. The parties are to bear their own costs on appeal.

20

_____
Premo, Acting P.J.

WE CONCUR:


_____
Bamattre-Manoukian, J.




_____
Danner, J.




Reyes et al. v. Kruger et al.
H044661

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 116CV293460 |
| Trial Judge: | Hon. Theodore C. Zayner |
| Counsel for Plaintiffs/Appellants:<br>**Corinna Reyes**<br>**Golden State Care Collective, Inc.** | John A. Shepardson |
| Counsel for Defendants/Respondents:<br>**Todd Rothbard** | Binder & Malter<br>Wendy Wastrous Smith<br>Michael W. Malter |
| Counsel for Defendants/Respondents:<br>**Kim Kruger**<br>**Kim Kruger Trust** | Willoughby, Stuart, Bening & Cook<br>Ellyn E. Nesbit |

Reyes et al. v. Kruger et al.
H044661