[No. B148732. Second Dist., Div. Five. Oct. 12, 2001.]

AMERICAN HUMANE ASSOCIATION, Plaintiff and Respondent, v. LOS ANGELES TIMES COMMUNICATIONS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Parts I, II, the indicated portions of part III.E after the heading, and IV of this opinion are certified for publication pursuant to rule 976(b) and 976.1 of the California Rules of Court.

**COUNSEL**

Davis, Wright & Tremaine, Kelli L. Sager, Alonzo Wickers IV, Rochelle Wilcox; and Karlene Goller for Defendant and Appellant.

Sheppard, Mullin, Richter & Hampton, Michael St. Denis and Kandace Rayos for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Los Angeles Times Communications, a news-gathering organization, appeals from an order denying a special motion to strike the complaint of plaintiff, American Humane Association, pursuant to Code of Civil Procedure[1] section 425.16, the anti-strategic lawsuit against public participation statute. In the published portion of this opinion, we address the question of the timing of an attorney fees and cost request pursuant to section 425.16, subdivision (c). The section 425.16, subdivision (c) attorney fee and cost request in this case was denied. One of the grounds for denying the request was that no documentation of the amount of fees and costs incurred accompanied the special motion to strike. We conclude that a special motion to strike an attorney fee and cost award can be pursued: in a separate subsequently filed motion for attorney fees as was contemplated by defendant in this case; in conjunction with the special motion to strike as is often the case; and as part of a cost memorandum. (§ 1033.5, subd. (c)(5).) Accordingly, as will be noted, we conclude that the section 425.16, subdivision (c) attorney fee and cost request in this case could not be denied because no documentation as to the sums incurred accompanied the special motion to strike.

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## II. Background

The complaint, which was filed on January 23, 2001, alleged that plaintiff's western regional office was responsible for, among other things, monitoring the treatment of animals in television and film productions. Plaintiff certified productions that complied with its guidelines for the ethical treatment of animals. The western regional office was funded in part by grants from entertainment industries, which are located in Los Angeles, including the Screen Actors Guild.

In August 1999, plaintiff retained Attorney Gregory Hurley, of the Kutak Rock law firm in Orange County, to conduct an investigation into a series of disputes within the western regional office. Mr. Hurley interviewed several of plaintiff's employees concerning the dispute in the western region office for purposes of providing legal advice. The employees were advised that the communications were confidential and the information gleaned from Mr. Hurley's investigation would not be disclosed to others outside of plaintiff's enterprise. Mr. Hurley prepared a written report, which is at issue in this case. The report, dated September 24, 1999, was submitted to Robert F. X. Hart, who was then plaintiff's president. Mr. Hurley's report was only given to persons who needed the information to make subsequent employment decisions. The report indicated that it was privileged, confidential, and the work product of an attorney. In October 1999, plaintiff removed Mr. Hart from his position as its president.

On March 13, 2000, Mr. Hart sued plaintiff, two of its board of directors members, and its finance director in Colorado state court for: contract breach; wrongful discharge; slander; interference with an employment agreement; civil conspiracy; libel; breach of a settlement agreement; interference with a settlement; failure to timely pay wages as required by Colorado law; and outrageous conduct. Mr. Hart's complaint filed in Colorado was attached to plaintiff's complaint in this lawsuit as an exhibit. In the Colorado complaint, Mr. Hart alleged that in August 1999, employees in the western regional office complained that their ability to investigate the misuse of animals in entertainment industry productions had been compromised. Mr. Hart's Colorado complaint alleged that the head of the western regional office, Gini Barrett, and a subordinate interfered with certain investigations. A conflict of interest existed because Ms. Barrett's subordinate engaged in sexual relations with two animal trainers. These animal trainers were potentially subject to review and investigation by the western regional office of plaintiff. As a result of these allegations, Mr. Hart retained Mr. Hurley to investigate the matter. At the conclusion of the investigation, Mr. Hurley

prepared a report for Mr. Hart. It is this report authored by Mr. Hurley that is the subject of the dispute between plaintiff and defendant in this lawsuit. Mr. Hurley concluded that a conflict of interest was present and Ms. Barrett was aware of the inappropriate conduct of the subordinate. Also, Mr. Hurley concluded that Ms. Barrett should be reprimanded for not adequately supervising the subordinate. Further, Mr. Hurley concluded the subordinate should be removed from any involvement in investigating animal trainers. Based upon Mr. Hurley's report, Mr. Hart developed a conflict of interest policy for plaintiff. The conflict of interest policy was drafted and presented to the "Executive Committee of the Board of Directors" for approval. With the advice of Mr. Hurley as well as the chair of the board of directors, Mr. Hart met with Ms. Barrett and the subordinate. Letters of reprimand were presented to Ms. Barrett and the subordinate in the presence of Mr. Hurley as well as another corporate employee. Thereafter, Mr. Hart met with the staff of the western regional office to assure them that their complaints had been acted upon by plaintiff. Many of the employees feared retaliation by Ms. Barrett. Other corporate officials insisted that Mr. Hart withdraw the letters of reprimand and attempted to increase Ms. Barrett's authority in the western regional office. Mr. Hurley advised Mr. Hart the letters of reprimand were reasonable and that the efforts by the other corporate officers to expand Ms. Barrett's power in the western regional office were inappropriate. Thereafter, according to the Colorado complaint, false and misleading statements were made by corporate officers and, as a result, Mr. Hart was discharged as the president of plaintiff. Mr. Hart's Colorado complaint alleged that plaintiff never enacted the conflict of interest policy. Based on these facts, Mr. Hart sought compensatory and exemplary damages in his Colorado lawsuit.

The complaint in this case further alleged that, on January 18, 2001, a reporter employed by defendant requested an interview with Ms. Barrett regarding the filming of a movie. During the course of the interview, defendant's reporter asked about an alleged conflict of interest in that plaintiff monitored activities on movie sets while at the same time received funding from the Screen Actor's Guild. Plaintiff received funding from the Producers Industry Advancement and Cooperative Fund, which is administered by the Screen Actor's Guild.

On January 19, 2001, the reporter had a telephone interview with plaintiff's new president, Timothy O'Brien. In the conversation, the reporter revealed that defendant was in possession of Mr. Hurley's report. On the same date, plaintiff's counsel contacted the reporter. The reporter was advised that Mr. Hurley's report was protected by the attorney-client privilege and the work product doctrine. Plaintiff's counsel also advised the

reporter that it had not waived any privileges associated with Mr. Hurley's report and requested its return. Plaintiff's counsel further requested that defendant not use Mr. Hurley's report in any news article. Defendant, through its counsel, neither admitted nor denied possessing Mr. Hurley's report. Defendant's lawyer also stated that if it was in possession of Mr. Hurley's report, the document would not be returned. Defendant also indicated that it would not refuse to use Mr. Hurley's report in any news articles it may publish.

The complaint contained three causes of action for declaratory relief. The first cause of action sought a declaration Mr. Hurley's report was protected by the lawyer-client and work product privileges. The second cause of action sought a declaration that plaintiff had not waived the lawyer-client and work product privileges. In the third cause of action for declaratory relief, plaintiff requested that defendant be "prohibited from publishing" Mr. Hurley's report or using it in any news article.

On January 25, 2001, plaintiff filed a request for a temporary restraining order and issuance of an order to show cause why defendant should not be restrained from publishing Mr. Hurley's report based on the attorney-client privilege and work product doctrine. The request was denied by Judge Dzintra Janavs. In denying the request, Judge Janavs determined the case involved "a classical prior restraint of speech situation . . . ." As a result, Judge Janavs advised plaintiff that there was no basis to schedule the matter for an order to show cause hearing.

On January 25, 2001, the date Judge Janavs denied the temporary restraining order request and refused to set the matter for a hearing on an order to show cause, the present lawsuit was dismissed without prejudice at plaintiff's request. Also on January 25, 2001, defendant filed a section 425.16 special motion to strike the complaint in this lawsuit. Defendant argued the motion should be granted because its conduct, which formed the basis of the complaint, qualified as protected acts under section 425.16, subdivision (e)(4). Defendant further argued that plaintiff could not establish a probability of prevailing on the merits because: there was no actual and present controversy concerning whether the report was privileged; there was no present controversy as to whether any privilege had been waived; and the temporary restraining order request to prohibit defendant from publishing information derived from Mr. Hurley's report sought an unconstitutional prior restraint. Plaintiff opposed the special motion to strike on the grounds: the motion was moot because the complaint had been voluntarily dismissed; defendant made an insufficient showing that the causes of action arose from

acts in furtherance of its right to free speech in connection with a public issue; and plaintiff and its counsel had an affirmative obligation under California and Colorado law to take all steps reasonably necessary to preserve the privileges attendant to Mr. Hurley's report. Defendant's reply argued: Judge Janavs had already concluded the complaint sought relief which constituted a "classical prior restraint"; the special motion to strike should have been granted notwithstanding the voluntary dismissal; it was entitled to have the special motion heard in order to determine its rights as to attorney fees; and plaintiff made no attempt in its opposition to meet its burden of demonstrating a probability that it would prevail.

On February 20, 2001, Judge Madeleine Flier denied the special motion to strike. In so doing, she concluded, "[T]he evidence that was submitted by the moving party is very cursory and failed to meet the burden to show the action arises out of the exercise of free speech." Judge Flier concluded that, assuming the burden shifted, plaintiff failed to meet the burden of showing a probability it would prevail on the merits. In addition, Judge Flier concluded that even if the special motion to strike had been granted, defendant failed to provide sufficient evidence concerning the amount of fees and costs to permit an award to be made. Defendant filed a timely notice of appeal from the February 20, 2001, order denying the special motion to strike.

### III. Discussion

### A.-E.*

. . . . . . . . . . . . . . . . . . . . . . . . .

Judge Flier ruled that even if the special motion to strike could be granted, the attorney fee request would be denied because defense counsel failed to document the fees and costs incurred along with the moving papers. In the unpublished portion of this opinion, we have concluded that the special motion to strike should have been granted. Plaintiff contends Judge Flier correctly determined that the failure to submit proof of the fees and costs incurred, along with the special motion to strike moving papers, barred an award of attorney fees pursuant to section 425.16, subdivision (c).

Section 425.16, subdivision (c) states in relevant part, "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (See *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 282-287 [105 Cal.Rptr.2d

---

*See footnote, *ante*, page 1095.

674]; *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [54 Cal.Rptr.2d 830].) As required by rule 311(a) of the California Rules of Court, the notice portion of the special motion to strike stated that defendant was seeking an award of attorney fees. The notice of motion stated in pertinent part, "In addition, [defendant] requests that it recover from plaintiff its attorneys' fees and costs incurred in defending this action. Code of Civil Procedure [section] 425.16[, subdivision] (c) mandates that a prevailing defendant 'shall' recover such monies." (Fn. omitted.) The omitted footnote to the foregoing language in the notice of motion stated, "If the Court grants this Special Motion to Strike, [the defendant] will file a noticed motion to recover its attorneys' fees and costs." Defendant did not include any proof of its fees and costs along with the special motion to strike.

Plaintiff argues that the failure to have documented the amount of fees and costs incurred constituted a waiver of the right to secure them in the first place and to raise the issue on appeal. We disagree. There is nothing in the language of section 425.16 requiring that proof be provided of the amount of fees and costs incurred at the same time of the filing of the special motion to strike. Moreover, section 1033.5, subdivision (a)(10)(B) states in pertinent part: "(a) The following items are allowable as costs under Section 1032: [¶] . . . [¶] (10) Attorney fees, when authorized by any of the following: [¶] . . . [¶] (B) Statute." Section 1033.5, subdivision (c)(5)(A) states in relevant part: "(c) Any award of costs shall be subject to the following: [¶] . . . [¶] (5) When any statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded and are allowable as costs pursuant to subparagraph (B) of paragraph (10) of subdivision (a). . . . Attorney's fees allowable as costs pursuant to subparagraph (B) of paragraph (10) of subdivision (a) may be fixed as follows: (A) Upon a noticed motion, (B) at the time a statement of decision is rendered, (C) upon . . . a claim for other costs, or (D) upon entry of default judgment." Section 1034, subdivision (a) states, "Prejudgment costs allowable under this chapter shall be claimed and contested in accordance with rules adopted by the Judicial Council." Rule 870.2 of the California Rules of Court states in pertinent part: "(a) [Applicability] Except as otherwise provided by statute, this rule applies in civil cases to claims for statutory attorney fees and claims for attorney fees provided for in a contract. [¶] Subdivisions (b) and (c) apply when the court determines entitlement to the fees, the amount of the fees, or both, whether the court makes that determination because the statute or contract refers to 'reasonable' fees, because it requires a determination of the prevailing party, or for other reasons. [¶] (b) [Attorney Fees Before Trial Court Judgment] (1) A notice of motion to claim attorney fees for services up to and including the rendition of judgment in

the trial court—including attorney fees on an appeal before the rendition of judgment in the trial court—shall be served and filed within the time for filing a notice of appeal under rules 2 and 3."[2] As can be noted, there is nothing in the language of section 1033.5 or 1034 or rule 870.2 of the California Rules of Court which requires that the documentation of the amount of attorney fees and costs incurred be filed at the same time as the special motion to strike. In fact, the time for making the attorney fee motion is extended to the time frames for filing a notice of appeal set forth in rules 2 and 3 of the California Rules of Court. Further, rule 870.2(b)(1) of the California Rules of Court states that the motion "shall" be filed within the time frames in rules 2 and 3, which presupposes this occurs after the filing of an appealable order.

■ There are three ways the special motion to strike attorney fee issue can be raised. The successful defendant can: make a subsequent noticed motion as was envisioned by defendant in this case; seek an attorney fee and cost award at the same time as the special motion to strike is litigated, as is often done; or as part of a cost memorandum. (§ 1033.5, subd. (c)(5)(A)-(C); Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2000) ¶ 17:151, p. 17-57.) The successful defendant who specially moves to strike pursuant to section 425.16 has the option of utilizing a separate noticed attorney fee motion. A trial court cannot deny a section 425.16 attorney fee motion because the defendant seeks to litigate that issue in a separate subsequently filed noticed motion.

■ In the absence of any language in section 425.16, 1033.5, or 1034, subdivision (a), or the pertinent provisions of the court rules requiring that the special motion to strike include documentation of attorney fees and costs incurred, we cannot accept plaintiff's analysis. Moreover, the practicality of the situation leads to the commonsense conclusion that it is not mandatory the attorney fee request be documented at the time the special motion to

---

[2] Rule 2(a) of the California Rules of Court describes the time periods for filing a notice of appeal as follows: "(a) Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; [¶] (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled 'notice of entry.'" Rule 3 of the California Rules of Court describes the extensions of time that occur when various postjudgment motions are made. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2000) ¶ 3:60 et seq., pp. 3-23 to 3-65.) None of those matters described in rule 3 of the California Rules of Court are pertinent to this appeal.

strike is filed. In the event the trial court grants the special motion to strike, the moving defendant will be able to more accurately document the fees and costs actually incurred if the amount is fixed at a later date as permitted by rule 870.2(b)(1) of the California Rules of Court. Given the early time frames in the litigation process that a special motion to strike must be filed (§ 425.16, subd. (f)), a moving defendant may have little firm knowledge of what a plaintiff will present when the factual showing of the probability of success is made in the opposition. In other words, the total cost of the special motion to strike and any related discovery permitted by the court can be more accurately computed if a section 425.16, subdivision (c) motion for fees is filed after the request is granted. Given the express language of sections 425.16, 1033.5, and 1034, subdivision (a), as well as rule 870.2(a) and (b)(1) of the California Rules of Court, the attorney fee and cost request in the present case should not have been denied because defendant reserved its right to litigate the issue until after entry of the special motion to strike ruling.

## IV. DISPOSITION

The order denying defendant's motion for attorney fees is reversed. On remand the trial court is to enter a new order granting the motion and striking the complaint. Defendant, Los Angeles Times Communications, is to recover its costs incurred on appeal from plaintiff, American Humane Association. Additionally, in compliance with rule 870.2 (b) and (c) of the California Rules of Court, defendant is to recover its attorney fees incurred: in connection with the special motion to strike incurred in the trial court prior to the filing of the notice of appeal; on appeal; and after the issuance of the remittitur.

Grignon, J., and Willhite, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.