Filed 11/30/22  Ibbetson v. Grant CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRUCE IBBETSON et al.,<br><br>    Plaintiffs, Cross-defendants and Respondents,<br><br>            v.<br><br>WILLIAM GRANT et al.,<br><br>    Defendants, Cross-complainants and Appellants. | G060473<br><br>(Super. Ct. No. 30-2017-00958851)<br><br>O P I N I O N |

            Appeal from an order of the Superior Court of Orange County, Nathan R. Scott, Judge.  Dismissed.

            David B. Dimitruk for Defendants, Cross-complainants and Appellants.

            Hall Griffin, George L. Hampton IV and Alyson M. Dudkowski for Plaintiffs, Cross-defendants and Respondents.

**INTRODUCTION**

"An anti-SLAPP motion . . . is a procedural device to prevent costly, unmeritorious litigation at the initiation of the lawsuit." (*San Diegans for Open Government v. Har Construction, Inc*. (2015) 240 Cal.App.4th 611, 625-626.)  In this case, however, Code of Civil Procedure section 425.16, the anti-SLAPP statute, has failed miserably.[1]

This is the third anti-SLAPP-related appeal to come to this court in this one action.  In the first two appeals, we (1) affirmed the trial court's order denying the anti-SLAPP motion of defendants William Grant, Jon Van Cleave, and James Netzer[2] and (2) affirmed the trial court's orders awarding sanctions against defendants for filing a frivolous anti-SLAPP motion.[3]  The total amount of attorney fees awarded as sanctions exceeded $82,000.

The defendants then became cross-complainants.  They filed a cross-complaint against plaintiffs Bruce Ibbetson and Donna Warwick and against James Warmington, all three of whom entered an anti-SLAPP motion of their own.  The motion was partially granted.  The trial court subsequently awarded cross-defendants their attorney fees, taking the partial success into account.  The attorney-fee order is the order from which Grant, Van Cleave, and Netzer have appealed.

We have determined that an attorney fee order separate from the order granting or denying an anti-SLAPP motion itself is not an appealable order.  Accordingly this appeal must be dismissed.

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]    *Ibbetson v. Grant* (Aug. 27, 2019, G056722) [nonpub. opn.].

[3]    *Ibbetson v. Grant* (Dec. 7, 2021, G059067 consol. with G059352) [nonpub. opn.].

## FACTS

We condense the facts from our previous two opinions to arrive more quickly at the ones pertinent to this appeal.

The subject of the dispute is the Newport Aquatic Center (NAC), a nonprofit public benefit corporation that offers water sports services and programs to the public from an 18,000 square foot boathouse facility in Newport Beach. At one time, all the parties except Warmington were on NAC's board of directors.

In 2015 and 2016, a controversy arose regarding NAC's management and, in particular, its finances. Charges of misappropriation of funds and other improprieties began to fly. Two directors, Ibbetson and Warwick, allegedly tried to investigate, but were met with stonewalling by directors Grant, Van Cleave, and Netzer. NAC's executive director, William Whitford, became involved in the dispute as well. A report commissioned from an accounting firm, the Hanzich Report, identified some problems and recommended further investigation.

In December 2017, Ibbetson and Warwick filed a complaint against Whitford – accusing him of theft, misappropriation, and obtaining improper personal benefits – and against Grant, Van Cleave, and Netzer – accusing them of being at least complicit in Whitford's defalcations, if not of personally benefiting from them.

The defendants filed an anti-SLAPP motion, which was heard and denied in July 2018. The trial court ruled that the complaint was based on alleged misappropriation and malfeasance, not on protected conduct. Defendants appealed from the order denying the anti-SLAPP motion, and we affirmed the order in an opinion issued in August 2019. That was the first appeal.

In October 2018, while the first appeal was pending, plaintiffs Ibbetson and Warwick made the first of two motions under section 425.16, subdivision (c)(1), for attorney fees for filing a frivolous anti-SLAPP motion. The second motion encompassed the fees incurred in opposing the first appeal. The trial court granted these motions

seriatim, agreeing that any reasonable attorney would know that the anti-SLAPP motion stood no chance.  The total of the fees awarded in both motions exceeded $80,000.  We consolidated the appeals from the two fee motions and affirmed both orders in an opinion issued in December 2021.  That was the second appeal.

In June 2020, while the second appeal was pending, Grant, Van Cleave, and Netzer filed a cross-complaint against Ibbetson, Warwick, and Warmington.[4]  They filed the first amended cross-complaint in August 2020.

The cross-complaint, 50 pages long (not including exhibits), in essence alleged a conspiracy among several people, including Ibbetson, Warwick, and Warmington, who wanted to take over NAC and change its direction from providing watersports for the masses to focusing on Olympic-style rowing and sculling.  This new direction was alleged to be "rowing elitist and exclusionary, biased, prejudicial, and discriminatory."  This was allegedly the source of the disputes of the previous five years, as the cross-defendants sought to undermine the other directors by accusing them of misappropriation and malfeasance and to take over control of NAC for their elitist purposes.  They also planned to open a competing watersports facility nearby, one focused on their rowing program, hoping to put NAC out of business.

Cross-defendants filed their anti-SLAPP motion in July 2020.  Instead of seeking to strike the entire cross-complaint, they sought to strike three groups of paragraphs they asserted alleged protected activities.  They chiefly relied on the litigation privilege and government petitioning as the reasons cross-complainants could not prevail.

Three weeks later, Grant, Van Cleave, and Netzer filed their opposition to the anti-SLAPP motion on August 31, 2020.  Their main argument was that the cross-

---

[4]       According to the first amended cross-complaint, Ibbetson and Warwick were voted off the NAC board of directors in September 2018.

complaint was immune from a motion under section 425.16 because it qualified under the public purpose exception provided by section 425.17, subdivision (b).[5]

The anti-SLAPP motion was heard on October 7, 2020. After obtaining supplemental briefing, the trial court ruled on October 30. The court granted the motion in part, striking two of the three groups of allegations targeted in the motion. The court denied the motion as to the third group. The order included the following: "The cross-complaint is not exempt from the anti-SLAPP statute as already discussed. (See . . . § 425.17; see also 9/23/20 minute order.)"

Ibbetson and Warwick then moved for their attorney fees under section 425.16, subdivision (c)(1), as prevailing defendants. The court heard the motion on May 3, 2021, and issued its minute order on May 12. The court awarded $44,880 in fees out of the $90,000 requested.[6]

Appellants appealed from the attorney fee order of May 12, 2021.

## DISCUSSION

We cannot address the merits of the appeal from the attorney fee order until we determine whether we have jurisdiction to hear the appeal. "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by . . . section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)

---

[5] Section 425.17, subdivision (b) provides, "Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist: [¶] (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision. [¶] (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons. [¶] (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter."

[6] The court found that the lodestar amount for the attorneys' billing rates and reasonable hours was $56,100. It reduced the final award to take into account cross-defendants' partial success.

5

A defendant who has succeeded in an anti-SLAPP motion may obtain attorney fees in three different ways. It may make a separate motion after the court has ruled on the anti-SLAPP motion. It may request fees simultaneously with the motion itself. Or it may include them in a cost memorandum at the end of the case. (*American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1103.) In this case, cross-defendants made a separate motion for fees after the ruling on the anti-SLAPP motion, and the court granted the motion in a separate order.

Our research has revealed two lines of cases with seemingly irreconcilable conclusions regarding the appealability of a separate order granting anti-SLAPP attorney fees. In *Doe v. Luster* (2006) 145 Cal.App.4th 139 (*Doe*), the court held that an order awarding or denying attorney fees made after a ruling on an anti-SLAPP motion was not an appealable order. While acknowledging that the order granting or denying the motion itself was immediately appealable, the court held that "[i]f the motion for fees under section 425.16, subdivision (c), is filed after the trial court rules on the special motion to strike – as it was in the case at bar – the order awarding or denying those fees is not an 'order granting or denying a special motion to strike'; and no plausible argument can be made that such an order is immediately appealable under section 425.16, subdivision (i)." (*Id.* at p. 150.) The court relied heavily on the fact that when the Legislature amended the statute in 1999 to allow for an immediate appeal from an order granting or denying an anti-SLAPP motion, it made no such provision for orders granting or denying anti-SLAPP attorney fees.[7] (*Id.* at pp. 144-148.)

In *Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265 (*Baharian-Mehr*), this court held that an attorney fee award made *at the same time* as the ruling on the anti-

---

[7] Other cases allowing an appeal from an attorney fee order made pursuant to section 425.16, subdivision (c), do not apply to the circumstances of this case. For example, in *Melbostad v. Fisher* (2008) 165 Cal.App.4th 987, the court allowed an appeal from an attorney fee order because the trial court, in granting the anti-SLAPP motion, had dismissed the entire case. The court held that the dismissal constituted a judgment and therefore the fee order was an appealable postjudgment order. (*Id.* at pp. 994-995.)

6

SLAPP motion could be reviewed on appeal from the motion itself.   We agreed with *Doe* that "a separate attorney fee order should not be heard on interlocutory appeal[.]" (*Baharian-Mehr, supra,* 189 Cal.App.4th at p. 274.)  If the award was part of the appeal from the anti-SLAPP motion, however, "appellate jurisdiction over both issues . . . is proper."  (*Id.* at p. 275.)

*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751 (*Colton*) represents the opposing position.  In this case, the court held that the fee order was separately appealable as falling under the collateral order exception to the one final judgment rule.  (*Id.* at pp. 781-782.)  "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken."  (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.)

We believe *Doe* and *Baharian-Mehr* provide the sounder approach.  As the *Doe* court pointed out, the Legislature specifically amended section 425.16 in 1999 to permit an interlocutory appeal of the order granting or denying an anti-SLAPP motion. Presumably, they examined the statute carefully.  And although attorney fees had been a feature of the anti-SLAPP statute since its enactment in 1992, the Legislature did not amend the statute to allow an immediate appeal from an attorney fee order.  (*Doe, supra,* 145 Cal.App.4th at pp. 144-148.)

The basis of the *Colton* decision permitting an appeal from an attorney fee award is the generally applicable collateral order exception.  The *Doe* decision, by contrast, is based on a close reading of the specific statute at issue and its legislative history.  The Legislature decided in 1999 that the statute needed to be amended to place anti-SLAPP orders among the small number of statutory orders that do not have to wait for a final judgment to be reviewed but could be immediately appealed.  "The Legislature having specifically provided one exception to the general rule, it cannot be presumed that any other was intended."  (*People ex rel. Downey v. Downey County Water Dist.* (1962)

7

202 Cal.App.2d 786, 799; see also *City of Coronado v. California Coastal Zone Conservation Com.* (1977) 69 Cal.App.3d 570, 580.) To the extent that *Colton* holds otherwise, we decline to follow it.

There is one further point on this issue. Appellants assert in their opening brief that the award is appealable under section 904.1, subdivision (a)(12), as an award of sanctions.[8] They cite no authority for this claim.

Only an attorney fee award under section 425.16, subdivision (c)(1), to the plaintiff for a *frivolous* anti-SLAPP motion merits sanctions. (See *Clarity Co. Consulting, LLC v. Gabriel* (2022) 77 Cal.App.5th 454, 465; *Morin v. Rosenthal* (2004) 122 Cal.App.4th 673, 682.) The references to "frivolous," to "unnecessary delay," and to section 128.5 in the statutory language make that clear. An award to prevailing defendants, however, has a different purpose. For such an award, no frivolous or delaying tactics or sanctionable conduct need be shown. "[T]he statute reflects a clear preference for awarding fees and costs to prevailing defendants." (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1018.) This difference is in keeping with the purposes of section 425.16, which are to "encourage continued participation in matters of public significance" and to ensure that this participation is "not . . . chilled through abuse of judicial process." (§ 425.16, subd. (a).) The fees awarded to successful anti-SLAPP defendants are intended, not to sanction the plaintiff, but to "reimburs[e] the prevailing defendant[s] for expenses incurred in extricating [themselves] from a baseless lawsuit." (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 446.) Section 904.1, subdivision (a)(12) is therefore inapplicable.

---

[8] They reiterated this argument in the supplemental briefing filed in connection with the appealability issue.

## DISPOSITION

The appeal is dismissed.  Respondents are to recover their costs on appeal.


                                                                 BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.