Filed 7/7/23  Zorikova v. Pease CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALLA ZORIKOVA, | |
| Plaintiff and Appellant, | G061154 |
| v. | (Super. Ct. No. 37-2020-00036459) |
| BRYAN PEASE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from orders of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Dismissed.

Alla Zorikova, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

\*          \*          \*

In this second of two related appeals, plaintiff Alla Zorikova appeals from the trial court's order granting in part defendant Bryan Pease's special motion to strike (anti-SLAPP motion) under Code of Civil Procedure section 425.16.[1] She also appeals from the court's order granting, in part, defendant's motion for attorney fees. The court found plaintiff's claims against defendant arose out of protected activity and plaintiff demonstrated a probability of prevailing on her defamation and libel claims. But the court held she did not demonstrate a probability of prevailing on her claims for invasion of privacy or tortious interference with business relations. After defendant filed a separate motion for fees following the ruling on the anti-SLAPP motion, the court granted, in part, the motion in a separate order.

On appeal, plaintiff contends the anti-SLAPP statute does not apply to her claims for invasion of privacy or tortious interference with business relations. She also argues she demonstrated a probability of prevailing on those claims. With respect to the attorney fees awarded to defendant, plaintiff claims defendant's motion for fees was untimely, and the trial court awarded excessive fees.

For the reasons below, we do not reach the merits of plaintiff's contentions. The appeal is untimely as to the order granting in part the anti-SLAPP motion. We accordingly must dismiss it. We also dismiss plaintiff's appeal of the order granting in part defendant's motion for attorney fees because the order is not appealable.

## FACTS[2]

*The Complaint*

In October 2020, plaintiff filed the operative complaint against defendant alleging four causes of action: (1) defamation; (2) libel; (3) invasion of privacy; and (4)

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] We repeat some facts as stated in our decision in the related appeal.

tortious interference with business relations. The complaint generally alleges defendant made various false statements about plaintiff as a breeder and seller of German Shepherd dogs. The alleged statements were made to law enforcement or posted online.

With respect to defendant's statements to law enforcement, the complaint alleges defendant called the San Bernardino County Sheriff's Department on August 8, 2020, and made false reports about plaintiff. This included false reports plaintiff was "illegally occupying [Bureau of Land Management] land, that [there were] more than 100 dogs on the property without shelter, nor food, nor water, that dead carcasses of German Shepherds are on the surface of that property all over and in the hundreds of those carcasses." The police then arrested plaintiff and her daughter. When plaintiff was released from jail, she learned some of her dogs were taken to an animal shelter while others were taken by an animal rescue group to Las Vegas, Nevada. She picked up the dogs from the animal shelter but was not able to track down the other dogs taken by the animal rescue group.

On October 5, 2020, defendant allegedly called the San Bernardino County Land Use Services Code Enforcement Division and falsely reported "that [p]laintiff lives on BLM land, does not own the Property, has dogs on the Property without shelter, nor food nor water and runs illegal aggressive [dog bite] business." The complaint alleges a code enforcement officer found no violation and indicated he would close the case against plaintiff after her "submitted application for kennel" was approved. A few days later, defendant "made . . . false allegations" to animal control about plaintiff and her dogs. After animal control arrived on plaintiff's property, they found no issues and left. Finally, the complaint generally alleges defendant "disseminated this defamation" to the Los Angeles County Department of Consumer Affairs and the Los Angeles City Attorney.

---

(*Zorikova v. Pease* (July 7, 2023, G061152) [nonpub. opn.].)

With respect to defendant's statements online, the complaint alleges defendant made various false statements on his personal Web site, Facebook, and Twitter. This included false statements that plaintiff "is squatting on [the] land and doesn't own the land," "runs [an] illegal aggressive [dog bite] business," "keeps the [d]ogs under straight sun," and "was arrested on Animal Cruelty Charges . . . ." The complaint further alleges defendant falsely stated plaintiff's dogs "are in horrible condition," her "business has been ordered 'to shut down,'" and a "Notice of Violation WAS issued on October 13 of 2020 . . . by San Bernardino County [Land Use Services] Code Enforcement . . . ." Finally, the complaint alleges defendant posted a photograph of plaintiff online that "displays [p]laintiff not in real normal appearance" along with an image of plaintiff's private property.

To support the invasion of privacy cause of action, the complaint alleges defendant "uploaded [p]laintiff's picture . . . being photographed against [her] consent which displays [her] NOT in her normal appearance . . . ." Defendant also sent text messages to plaintiff containing a "virus designated to embed malicious spying software" and called plaintiff from "'not in service' phone numbers . . . to inquiry . . . about events and business information."

The cause of action for tortious interference with business relations is based on all prior allegations, and the complaint claims defendant "organized and initiated all described . . . racketeering and attacks on [p]laintiff and her [b]usiness." As a result, the complaint alleges plaintiff lost her dogs as inventory, had to stop sales, and cannot run her business.

*The Anti-SLAPP Motion*

In December 2020 and May 2021, defendant filed an anti-SLAPP motion and a later amended motion. He argued plaintiff's claims arose from protected activity because the challenged statements: (1) related to matters under judicial review in

4

pending cases where defendant was counsel of record; (2) were connected to matters under investigation by the San Bernardino County Sheriff's Department; or (3) were made in a public forum in connection with a matter of public interest. (§ 425.16, subd. (e)(2)-(3).) Defendant also argued plaintiff could not show a probability of success on the merits.

On June 4, 2021, the trial court granted in part and denied in part the anti-SLAPP motion. First, the court held defendant demonstrated plaintiff's claims arose from protected activity pursuant to section 425.16 subdivisions (e)(2) and (e)(3). The court briefly noted plaintiff did not "specifically address either of these subsections, apparently conceding that they apply." The court concluded "[t]his is enough to find that the defendant satisfied his burden on the first prong." The court added: "It is also clear that statements, such as the ones in question, would be within the ambit of the statute."

Second, the trial court found plaintiff had demonstrated a probability of prevailing on her defamation and libel claims but not her claims for invasion of privacy and tortious interference with business relations. With respect to the latter, the court found plaintiff had not provided any evidence to support her cause of action for invasion of privacy. The court similarly held plaintiff's evidence was insufficient to support a cause of action for tortious interference with business relations. The court noted plaintiff was required to provide "evidence that defendant knew . . . plaintiff had a relationship with some third party and committed a wrongful act, apart from the interference itself, designed to disrupt that relationship, as well as that there was an actual disruption of the relationship which harmed plaintiff proximately caused by the acts of the defendant." Even assuming defendant knew plaintiff was engaged in a personal protection dog business, the court held plaintiff's evidence was insufficient to satisfy the other necessary elements.[3]

---

[3] Defendant disputes the court's ruling denying the anti-SLAPP motion as to the defamation and libel claims in case No. G0601152, a related appeal. We

5

On December 27, 2021, plaintiff filed her notice of appeal.

*Defendant's Motion for Attorney Fees*

On December 28, 2021, defendant filed a motion for attorney fees under section 425.16, subdivision (c)(1) as a prevailing defendant. Defendant requested $56,348 in attorney fees and $1,929.85 in costs. After a hearing on the motion, the trial court issued its minute order on January 21, 2022. The court granted the motion in part and awarded $20,450 in fees and $1,369.85 in costs. Plaintiff appealed from the attorney fee order on January 28, 2022.

## DISCUSSION

*The Appeal Is Untimely as to the Court's Order on the Anti-SLAPP Motion*

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) We are required to dismiss an untimely appeal. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674.)

California Rules of Court, rule 8.104, specifies a notice of appeal must be filed on or before the earliest of (1) 60 days after the superior court clerk serves a "Notice of Entry" of judgment or a file-endorsed copy of the judgment, showing the date either was served; (2) 60 days after a party serves a "Notice of Entry" of judgment or a file-endorsed copy of the judgment with a proof of service; or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1).) Under California Rules of Court, rule 8.104(e), the word "judgment" includes an appealable order.

accordingly do not address those causes of action in this appeal.

6

Here, the trial court issued its order on the anti-SLAPP motion on June 4, 2021, and the order indicated the parties waived notice of ruling. Assuming plaintiff was never served with notice of entry of the order, she at most had 180 days from June 4, 2021 to file her notice of appeal. Her December 27, 2021 notice of appeal is more than 180 days after the order was entered. We therefore lack jurisdiction to entertain her appeal from the anti-SLAPP order. "'Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional,' and an appellate court therefore must dismiss an appeal that is untimely." (*Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1107.)

*The Order Granting Defendant's Motion for Attorney Fees is Not an Appealable Order*

Plaintiff argues defendant's motion for attorney fees was untimely. She also claims the trial court erred by awarding excessive fees to defendant. We do not reach the merits of plaintiff's contentions because the order granting defendant's motion for attorney fees is not an appealable order.

A defendant who succeeds on an anti-SLAPP motion may obtain attorney fees in three ways. "The successful defendant can: make a subsequent noticed motion . . . ; seek an attorney fee and cost award at the same time as the special motion to strike is litigated, as is often done; or as part of a cost memorandum [at the conclusion of the litigation]." (*American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1103.)

In the instant case, defendant filed a separate motion for fees after the ruling on the anti-SLAPP motion, and the trial court granted, in part, the motion in a separate order. Based on our research, courts have reached inconsistent conclusions as to the appealability of a separate order granting anti-SLAPP attorney fees. In *Doe v. Luster* (2006) 145 Cal.App.4th 139 (*Doe*), the plaintiff brought a motion for attorney fees after prevailing on anti-SLAPP motions the court had denied. (*Id.* at p. 142.) The trial

7

court denied the motion for attorney fees, and the plaintiff appealed. (*Id.* at p. 142.) The court dismissed the appeal, finding the order was not immediately appealable. (*Id.* at pp. 145-151.) The court emphasized the Legislature amended the anti-SLAPP statute in 1999 to allow for an immediate appeal from an order granting or denying an anti-SLAPP motion, but it did not make a similar provision for orders granting or denying anti-SLAPP attorney fees. (*Id.* at pp. 144-148.) The court concluded: "If the motion for fees under section 425.16, subdivision (c), is filed after the trial court rules on the special motion to strike—as it was in the case at bar—the order awarding or denying those fees is not an 'order granting or denying a special motion to strike'; and no plausible argument can be made that such an order is immediately appealable under section 425.16, subdivision (i)." (*Id.* at p. 150.)

In *Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, the trial court denied the defendant's anti-SLAPP motion and granted attorney fees to plaintiff in the same order. (*Id.* at pp. 268, 270.) The defendant appealed. (*Id.* at p. 268.) Another panel of this court agreed with *Doe* that "a separate attorney fee order should not be heard on interlocutory appeal . . . ." (*Id.* at p. 274.) But where "the issue of whether the anti-SLAPP motion should have been granted is properly before the appellate court," the court held "it would be absurd to defer the issue of attorney fees until a future date . . . ." (*Id.* at p. 275.)

In *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, the trial court partially granted the defendant's anti-SLAPP motion and awarded attorney fees to the defendant. (*Id.* at p. 757.) The plaintiff appealed. (*Ibid.*) The *Colton* court noted section 904.1, which lists appealable judgments and order, "does not include an award of attorney's fees." (*Id.* at p. 781.) The court added: "[B]ased upon the plain language of section 904.1, it appears that the award of attorney's fees is *not* directly appealable." (*Ibid.*) But the court found the attorney fee order was separately appealable under the collateral order exception to the one final judgment rule. (*Id.* at pp. 781-782.)

We find *Doe*'s reasoning persuasive. As the *Doe* court noted, the Legislature amended section 425.16 in 1999 to authorize appeals from an order granting or denying an anti-SLAPP motion. (*Doe*, *supra*, 145 Cal.App.4th at pp. 144-145.) While attorney fees were a feature of the anti-SLAPP statute since 1992, the Legislature did not amend the statute to permit immediate appeals from attorney fee orders. (*Id.* at pp. 144-148.) "The Legislature having specifically provided one exception to the general rule, it cannot be presumed that any other was intended." (*People ex rel. City of Downey v. Downey County Water Dist.* (1962) 202 Cal.App.2d 786, 799.) We accordingly dismiss plaintiff's appeal of the order granting in part defendant's motion for attorney fees and costs for lack of jurisdiction.

## DISPOSITION

The appeal is dismissed. Defendant shall recover his costs on appeal.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

9