Filed 2/11/26  Homeport Insurance v. Weltin CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| HOMEPORT INSURANCE , <br><br>       Plaintiff and Appellant, <br><br> v. <br><br> PHILIP WELTIN, DANIEL WELTIN, AND WELTIN, STREB & WELTIN LLP, <br><br>       Defendants and Respondents. | A173086 <br><br> (Alameda County Super. Ct. No. 23CV041224) |

Plaintiff Homeport Insurance appeals an order awarding attorney fees and costs (fee order) to Daniel Weltin, Philip Weltin, and Weltin, Streb & Weltin LLP (defendants) under the anti-SLAPP statute (Code Civ. Proc.,[1] § 425.16, subd. (c)).  Plaintiff's main arguments are that the trial court erred in determining that defendants were the prevailing parties and abused its discretion with respect to the amount of attorney fees and costs awarded.  In a separate appeal, *Homeport Insurance v. McRae, et al.* (December 31, 2025, A172243) [nonpub. opn.] (*Homeport I*), we affirmed the court's order granting defendants' anti-SLAPP motion.  We now affirm the fee order.

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

BACKGROUND[2]

Plaintiff filed a complaint alleging causes of action for conversion, a constructive trust, unjust enrichment, declaratory relief, and injunctive relief against defendants; plaintiff also named Veronica McRae as a defendant. Defendants appeared and filed an anti-SLAPP motion, which the trial court granted.

Daniel Weltin then filed a motion for attorney fees and costs under section 425.16, subdivision (c), accompanied by an attorney declaration and supporting exhibits. He sought $55,992.61 for work on the anti-SLAPP motion, plus $14,000 for the attorney fees and costs motion, which he increased to $27,882 in his reply papers.

Philip Weltin and Weltin, Streb & Weltin LLP filed a similar motion for attorney fees and costs, along with attorney declarations. They sought $90,147.57 for work on the anti-SLAPP motion, plus $22,125 for work on the attorney fees and costs motion.

Plaintiff opposed both motions and submitted a declaration from an expert critiquing the costs, hourly rate and number of hours for which defendants sought compensation.

With respect to the motion of Philip Weltin and Weltin, Streb & Weltin LLP, the court determined that a significant amount of the time claimed was for tasks unrelated to the anti-SLAPP motion and further found that the work billed on recoverable tasks was excessive. The court therefore reduced this attorney fees and costs request by approximately 50 percent, awarding $56,000 that the court found reasonable to compensate those defendants.

With respect to Daniel Weltin, the court found that approximately 30 percent of the time billed by his counsel was either spent on matters

---

[2] We incorporate the facts stated in *Homeport I* by reference.

unrelated to the anti-SLAPP motion or was excessive in light of the nature of the motion and the duplicative work performed by both firms. The Court awarded a total of $53,000 to Daniel Weltin, consisting of $39,000 for work on the anti-SLAPP motion and $14,000 for work on the fee motion.

DISCUSSION

*Governing Law and Standard of Review*

The anti-SLAPP statute provides for an award of attorney fees and costs to the prevailing defendant on a special motion to strike. (§ 425.16, subd. (c).) The defendant may recover fees and costs only for the motion to strike, not the entire litigation. (*S.B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 381.) The defendant may claim fees and costs either as part of the anti-SLAPP motion itself or through the filing of a subsequent motion or cost memorandum. (*American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1097.)

Because the Legislature specified the prevailing defendant "shall be entitled to recover that defendant's attorney's fees and costs" (§ 425.16, subd. (c)(1)), an award is usually mandatory, although the amount of the award is vested in the sound discretion of the trial court. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131–1132.) As the moving party, the prevailing defendant seeking fees and costs " 'bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' " (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020.) The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended. (*Ibid.*)

A trial court "assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and

3

reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" (*Ketchum v. Moses, supra,* 24 Cal.4th at pp. 1131–1132.) The court tabulates the attorney fee lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work, although the court has discretion to increase or decrease that lodestar amount depending on a variety of factors. (*Id.* at p. 1134.) Trial judges are entrusted with this discretionary determination because they are in the best position to assess the value of the professional services rendered in their courts. (*Id.* at p. 1132.)

We review an anti-SLAPP attorney fee award under the deferential abuse of discretion standard. (*Ketchum v. Moses*, *supra,* 24 Cal.4th at p. 1130.) The trial court's fee determination " ' "will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' " (*Id.* at p. 1132.) Courts have also stated that " ' "[t]he only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination." ' " (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1173.)

*Analysis*

Plaintiff first contends that the fee order should be vacated and remanded because the court could not decide the attorney fees and costs motion during the pendency of plaintiff's appeal of the order granting the anti-SLAPP motion and because defendants only minimally benefitted from

4

their anti-SLAPP motion such that no award should have been given or apportionment was required. We disagree.[3]

Plaintiff's first argument is meritless because a trial court retains jurisdiction to entertain a motion for attorney fees and costs related to an anti-SLAPP motion even if an order granting the anti-SLAPP motion has been appealed. (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 461.) In an effort to persuade us to the contrary, plaintiff cites several cases that are not on point. Plaintiff's authorities merely state that requests for attorney fees and costs related to the appeal of an anti-SLAPP motion are typically decided by the trial court after resolution of the appeal. (*Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1064; *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320; *L.A. Taxi Cooperative, Inc. v. The Independent Taxi Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 933.)

Plaintiff's argument that the fee order should be modified because defendants minimally benefitted from the grant of their anti-SLAPP motion — on the theory that plaintiff never served defendants and is still pursuing McRae — is similarly unavailing. Plaintiff relies on authorities applicable to defendants who *partially* succeed on an anti-SLAPP motion, pursuant to which attorney fees "should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way." (*Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 345; *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 782; *Gumarang v. Braemer on Raymond, LLC* (2025) 110 Cal.App.5th 370, 388.) Such cases are

---

[3] Plaintiff also argues that the fee order must be reversed because the trial court's ruling on the underlying anti-SLAPP motion was incorrect. This argument fails because we affirmed that ruling in *Homeport I*.

inapposite because defendants here achieved complete success on their motion, which resulted in the significant benefit of dismissal of all claims against them. Plaintiff's arguments on appeal do not change this result, and defendants' success rendered an award of attorney fees and costs mandatory.[4] (§ 425.16, subd. (c); *Ketchum v. Moses, supra*, 24 Cal.4th at p. 1131.)

Plaintiff next argues that the court abused its discretion in calculating the amount of the fee award. Pointing to its expert declaration below, plaintiff argues that counsel's work was duplicative, inefficient, and excessive; and defendants improperly block billed certain time entries. For the reasons set forth below, we find no cause to disturb the fee order.

Daniel Weltin sought to recover $55,992.61 in attorney fees and costs for the anti-SLAPP motion and $27,882 for the fee motion, and plaintiff's expert opined these requests should be reduced by $15,404.83 and $1,741.40, respectively. The court cut $16,992.61 and $13,882 from the requests, respectively. Philip Weltin and Weltin, Streb & Weltin LLP sought $90,147.57 in attorney fees and costs for the anti-SLAPP motion, plus $22,125 for the fee motion; plaintiff's expert opined the request related to the anti-SLAPP motion should be reduced by $48,154.86 (53.4 percent), and the court reduced both requests by "approximately 50%" for a total award of $56,000. Accordingly, the court substantially cut defendants' requests, and

---

[4] Plaintiff's suggestion that defendants obtained an insignificant practical benefit because defendants bear responsibility for their legal fees given that they voluntarily appeared is also illogical. Put simply, plaintiff sued defendants, not the other way around. In its reply brief, plaintiff also raises a new argument related to the lack of service — that section 425.16 did not permit defendants to voluntarily appear and file an anti-SLAPP motion. We will not consider this untimely argument. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 157–158.)

6

the court's final award tracks plaintiff's expert's recommendations very closely. On this record, plaintiff has not established an abuse of discretion.

Plaintiff's remaining contentions for reversal of the fee order are: 1) costs could not be awarded because defendants did not file a memorandum of costs; 2) the court failed to provide adequately detailed reasons for the attorney fee award as required under section 128.5; and 3) counsel's hourly rates were not reasonable. We address, and reject, each argument in turn.

With respect to plaintiff's procedural challenge to the costs award, plaintiff forfeited its claim that the court did not have authority to consider an award of costs without a timely-filed cost memorandum by failing to specifically raise this objection below. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 [failure to raise specific challenges in trial court forfeits claim on appeal].) Plaintiff argued briefly below that the costs sought "were not related to the anti-SLAPP motion." Within this short argument, plaintiff noted that a costs bill had not been submitted, but plaintiff did not object that the absence of a costs bill itself rendered the costs request procedurally invalid, nor did plaintiff cite any authority suggesting such an argument. Instead, plaintiff's contention was that the absence of a costs bill rendered the costs sought "unclear" because costs were not broken down with "sufficient specificity for the [c]ourt to determine the items that were truly necessary."

Plaintiff's contention that fee order did not satisfy section 128.5 fails because plaintiff again relies on inapposite law. When a trial court awards attorney fees to a plaintiff for a frivolous motion or a motion solely intended to cause unnecessary delay, the requirements of section 128.5 apply, including the requirement that a written order imposing attorney fees "recite

7

in detail" the conduct or circumstances justifying the order. (§§ 128.5, subd. (c), 425.16, subd. (c)(1); *Nunez v. Pennisi* (2015) 241 Cal.App.4th 861, 879.) This authority requiring heightened detail does not apply here where the court awarded attorney fees and costs to the *prevailing defendants* with a written order explaining its reasoning.

Finally, plaintiff fails to carry its burden of establishing the trial court abused its discretion by concluding that counsel's hourly rates were reasonable. The hourly rate set by the trial court should be "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work." (*Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 783.) Defendants submitted declarations setting forth their attorneys' professional qualifications. Plaintiff's expert critiqued the hourly rates sought and submitted a 2024 market rate survey indicating the rates were in the top 25 percent of general litigation rates for the San Francisco area and were lower than those charged in the third quartile for attorneys in Los Angeles, where counsel for Philip Weltin and Weltin, Streb & Weltin LLP was based. On appeal, the thrust of plaintiff's argument in its opening brief is that the requested hourly rates were excessive because they were at "the high end of the market range for the area." But plaintiff concedes the rates were within market range, its own documentary evidence supports this concession, and the trial court was fully cognizant of the quality of the services performed, the amount of time devoted to the case, and the efforts of counsel. Plaintiff has therefore not established that the court's determination " ' "shocks the conscience." ' " (*Faton v. Ahmedo, supra,* 236 Cal.App.4th at p. 1173.)

*Attorney Fees and Costs on Appeal*

Defendants request attorney fees on appeal. (See *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499–1500 [a prevailing defendant on a special motion to strike pursuant to section 425.16 is entitled to appellate attorney fees].) We remand the case to the trial court to consider defendants' request for attorney fees and costs incurred in this appeal under section 425.16, subdivision (c).

## DISPOSITION

The trial court's order awarding defendants attorney fees and costs is affirmed. The matter is remanded to the trial court for consideration of defendants' request for attorney fees and costs incurred in this appeal under section 425.16, subdivision (c). Defendants are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

BROWN, P. J.

WE CONCUR:

STREETER, J.
MOORMAN, J.[*]

---

[*] Judge of the Mendocino Superior Court of California, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.